UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AHCOM, LTD., | No. C-07-1139 SC |
| Plaintiff, | ORDER DENYING MOTIONS <u>FOR SUMMARY JUDGMENT</u> |
| v. |  |
| HENDRIK SMEDING, LETTIE SMEDING, and DOES 1-15, inclusive, |  |
| Defendants. |  |

### I. <u>INTRODUCTION</u>

Plaintiff Ahcom, Ltd., ("Ahcom") brought this suit in the Napa County Superior Court, alleging that the Defendants Hendrik and Lettie Smeding ("Defendants" or "Smedings") are the alter egos of Nuttery Farms, Inc. ("NFI"), and asking the court to confirm and enforce the award issued in an arbitration between Plaintiff and NFI. <u>See</u> Notice of Removal, Docket No. 1, Ex. A ("Compl."). Defendants timely removed the suit to this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), codified in chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201, <u>et</u> <u>seq.</u>  <u>See</u> Notice of Removal.

Now before the Court are the parties' cross-motions for summary judgment. <u>See</u> Docket No. 22 ("Defs.' Mot."), 27 ("Pl.'s Mot."). Each party filed a reply brief. <u>See</u> Docket Nos. 30 ("Defs.' Reply"), 31 ("Pl.'s Reply"). The Court took the matter under submission without oral argument. While the motions were

1  pending, Defendants submitted an ex parte Application to File
2  Supplementary Letter Brief.  Docket No. 32.  Plaintiff opposed
3  this application.  Docket No. 33.
4  Having considered the parties' submissions, the Court DENIES
5  Defendants' Motion and DENIES Plaintiff's Motion.

**II.  BACKGROUND**

NFI was incorporated in California in 1985.  The Smedings were the founders and only shareholders of NFI.  Hendrik Smeding was the president and treasurer of NFI.  Lettie Smeding was the vice president and secretary of NFI.  According to the Smedings, they each owned 5,000 shares of NFI stock.

NFI was a broker of dried fruit and nuts for around 21 years.  As a broker, NFI simultaneously bought and sold its products, and attempted to turn a profit on the margin based on fluctuations in market pricing.  In late 2004 and early 2005, NFI's pistachio suppliers chose not to renew their contracts, even though NFI had already entered contracts to sell the same pistachios.  At the same time, NFI's pecan and almond suppliers defaulted on a number of contracts, leaving NFI short in these commodities as well.  As a result, NFI lacked the necessary capital to meet a number of its own obligations and it defaulted on numerous contracts.  Ultimately, NFI entered Chapter 7 bankruptcy and ceased to operate.

Ahcom is a London-based fruit and nut broker.  Ahcom claims that, through NFI's agent S.J. Redfern, Ltd. ("Redfern"), it had entered a series of contracts to purchase almonds from NFI.  For

2

1  each transaction, Redfern prepared a written confirmation.  At the
2  bottom of every confirmation, the following text appears in the
3  "SPECIAL REMARKS" section:

> AS PER THE EXPORT CONTRACT FOR DRIED FRUIT,
> TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE
> CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION
> EFFECTIVE MARCH 1989. - ARBITRATION IN
> ACCORDANCE WITH THE RULES OF WAREN VEREIN-
> INTERNATIONAL PARTICIPATION PERMITTED - SHALL
> BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND
> ANY DISPUTES ARISING THEREFROM.

See Michael Decl. Ex. B (capitalization in original).  Based on these confirmation documents, Ahcom would send NFI a purchase contract, listing Redfern as the broker, and including the following conditions of sale:

> All other terms and conditions as per USDA/DFA
> terms and conditions, including Waren-Verein
> arbitration clause and the rules of
> arbitration and appeal, of which the parties
> admit acknowledgment.  In the event of
> arbitration and subsequent legal enforcement,
> all costs to be borne by the loser.

See id.

According to Ahcom, NFI defaulted on one or more of these purchase contracts.  Ahcom then initiated an arbitration with the Waren-Verein der Hamburger Börse e.V.  The Waren-Verein is a German trade association that represents the interests of wholesale traders in dried fruit and edible nuts, among other commodities, and that maintains its own arbitral tribunal.[1]  The arbitrators awarded Ahcom $1,428,000.00 plus interest.  NFI never

---

[1] The information regarding the Waren-Verein is taken from the English language section of that association's web site, available at http://www.waren-verein.de/index.afp?&LG=EN&CMD=STARTSEITE.

3

satisfied this award.

Ahcom brought this suit to confirm and enforce the Waren-Verein's arbitration award.  Although the Smedings were not parties to the arbitration, Ahcom alleges that they are NFI's alter egos, and that they should therefore be liable for the arbitration award.  The Smedings moved for summary judgment on the grounds that they are not NFI's alter egos and that the Court lacks jurisdiction to confirm the arbitration award because there was not a signed, written agreement containing an arbitration clause.  Ahcom moved for summary judgment on the same issues.

### III. **LEGAL STANDARD**

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim.  Anderson, 477 U.S. at

247-49.

## IV. DISCUSSION

The Court finds that there remain significant disputes regarding material issues of fact underlying both of the legal issues presented in the motions.

Under Article II section 2 of the Convention, "The term 'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams."  The Smedings argue that there is no contract signed by NFI agreeing to the arbitration rules.  Ahcom claims that Redfern agreed to the terms as NFI's agent.  Ahcom further claims that when the dispute arose, Hendrik Smeding agreed in email, a written communication Ahcom claims satisfies the Convention, that the dispute should proceed before the Waren-Verein.  The Smedings respond that Redfern was only a broker, not an agent, and had no authority to agree to an arbitration provision on NFI's behalf.  The Smedings also claim that the email on which Ahcom relies was in jest, a sarcastic reply to Ahcom's threat.  These factual disputes are central to the question of whether the parties actually agreed to arbitrate, and therefore determinative of the Court's jurisdiction.  See, e.g., Czarina, L.L.C. v. W.F. Poe Syndicate, 358 F.3d 1286, 1291-92 (11th Cir. 2004).  Considering the evidence offered by each party, while drawing the necessary inferences for the other as the non-moving party, the Court cannot grant summary judgment on the jurisdiction question.

1    With regard to the question of alter ego, the parties dispute
2 whether California or federal law governs.  The Court DENIES
3 Defendants' ex parte application to submit additional authority.
4 Defendants provide no reason why they could not have cited these
5 authorities earlier.  In their moving papers, Defendants cited
6 exclusively to California law to support their position regarding
7 alter ego.  See Defs.' Mot. at 6-9.  What's more, the additional
8 authorities Defendants attempt to offer demonstrate that it is
9 unclear whether courts should follow state or federal law on the
10 issue, and that resolution of the ambiguity is unnecessary because
11 there is no meaningful difference between the two and federal
12 courts regularly look to state law for guidance.  See, e.g.,
13 Ministry of Def. of Iran v. Gould, 969 F.2d 974, 769 n.3 (9th Cir.
14 1992) (citing Mesler v. Bragg Mgt. Co., 702 P.2d 601, 606 (Cal.
15 1985)); Bowoto v. Chevron Texaco Corp., 312 F. Supp. 2d 1229, 1236
16 n.6 (N.D. Cal. 2004) ("California law on piercing the corporate
17 veil is substantially similar to the rule announced in federal
18 cases.") (citing Ministry of Def. of Iran, 969 F.2d at 769 n.3).

19    Given the significant factual disputes on the record, there
20 is no need at this juncture for the Court to enter uncharted
21 waters and resolve the tension, if any exists, between application
22 of state and federal law.  The parties provide directly
23 conflicting declarations and documentary evidence regarding
24 whether and to what extent the Smedings observed corporate
25 formalities and distinguished their own interests from those of
26 NFI.  As one example among many, Ahcom argues that NFI was never
27 adequately capitalized, and therefore could not be legally

separate from the Smedings.  The Smedings assert that NFI was adequately capitalized for nearly two decades and that the financial difficulties NFI faced near its demise are not indicative of identity of interest between the Smedings and NFI. Without resolution of these factual issues, summary judgment for either party is inappropriate, regardless of which law governs.

**V.   CONCLUSION**

The Court finds that there remain significant disputes regarding material issues of fact.  The Court therefore DENIES Defendants' Motion and DENIES Plaintiff's Motion.

IT IS SO ORDERED.

Dated: April 10, 2008

_____
UNITED STATES DISTRICT JUDGE