William H. Parish (State Bar No. 95913)
PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Boulevard, Suite A-5
Stockton, California 95207-8114
Telephone: (209) 952-1992
Facsimile:  (209) 952-0250

Attorneys for Plaintiff
AHCOM, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHCOM, LTD., | Case No.  3:07 CV 1139 SC |
| Plaintiff, | **STIPULATION FOR LEAVE TO FILE** |
| vs. | **FIRST AMENDED COMPLAINT AND** |
| | **ORDER** |
| HENDRIK SMEDING, LETTIE SMEDING and DOES 1 through 15, inclusive, | |
| Defendants. | |

The parties hereto, by and through their respective counsel, hereby stipulate and request that the court grant leave to Plaintiff to file the First Amended Complaint attached hereto as Exhibit "1". The parties agree that the amendment is in furtherance of justice and will not delay trial of this matter. Defendants' response to the complaint shall be filed 20 days after the filing of the First Amended Complaint.

Dated: April 25, 2008                    Respectfully Submitted,

                                        **PARISH & SMALL**
                                        A Professional Law Corporation

                                   By _William H. Parish_____
                                        WILLIAM H. PARISH
                                        Attorneys for Plaintiff

- 1 -

STIPULATION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND ORDER                    Our File No 1-572-01

1   Dated: April 25, 2008                    **BAKER MANOCK & JENSEN**

2

3                                            By _____/s/ JOHN G. MICHAEL_____
                                                      JOHN G. MICHAEL
4                                                  Attorneys for Defendants

5

6

7                                              **ORDER**

8

9        Good cause appearing, it is hereby ordered that Plaintiff is granted leave to file the First

10   Amended Complaint and Defendant's response shall be filed twenty (20) days after the filing of

11   the First Amended Complaint.

12   Dated:  April 30, 2008

13                                           HO_____CONTI
                                             UNITED S                    OURT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**STIPULATION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT AND ORDER**                    Our File No 1-572-01

PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207-8114
Telephone: (209) 952-1992
Facsimile: (209) 952-0250

1  William H. Parish (State Bar No. 95913)
   PARISH & SMALL
2  A Professional Law Corporation
   1919 Grand Canal Boulevard, Suite A-5
3  Stockton, California 95207-8114
   Telephone: (209) 952-1992
4  Facsimile: (209) 952-0250

5  Attorneys for Plaintiff
   AHCOM, LTD.

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11 AHCOM, LTD.,                    ) Case No. 3:07 CV 1139 SC
                                   )
          Plaintiff,              ) **FIRST AMENDED COMPLAINT**
12                                 )
   vs.                             )
13                                 )
   HENDRIK SMEDING and LETTIE      )
14 SMEDING,                        )
                                   )
15                                 )
          Defendants.             )
16                                 )
                                   )
17 _____ )

18        1.     Plaintiff, Ahcom, Ltd., is, and at all times herein mentioned was, a corporation

19 incorporated under the laws of the United Kingdom with its principal place of business in

   London, United Kingdom.
20
          2.     Defendant, Hendrik Smeding, is, and at all times mentioned herein was, an
21
   individual residing in Napa County, California.
22
          3.     Defendant, Lettie Smeding, is, and at all times mentioned herein was, an
23
   individual residing in Napa County, California.
24
          4.     Plaintiff is informed and believes, and thereon alleges, that at all times
25
   mentioned herein, each Defendant was the agent of each of the remaining Defendants, and that
26
   in doing the acts hereinafter set forth, each Defendant was acting within the course and scope of
27
   that agency, with the knowledge and consent and/or ratification of each of the remaining
28

                                    - 1 -
   **[PROPOSED] FIRST AMENDED COMPLAINT**          Our File No 1-572-01

1  Defendants.

2                    **FIRST CAUSE OF ACTION**

3                  **[Alter Ego against all Defendants]**

4      5.      Plaintiff realleges and incorporates herein by reference the allegations contained

5  in paragraphs 1 through 4, inclusive.

6      6.      Plaintiff is informed and believes, and on the basis of that information and belief

7  alleges, that Defendants are, and at all times herein mentioned were, the owners of 100% of the

8  shares of stock of Nuttery Farms, Inc.

9      7.      Plaintiff is informed and believes, and on the basis of that information and belief

10 alleges, that Defendants are, and at all times herein mentioned were, officers and directors of

11 Nuttery Farms, Inc.

12     8.      Plaintiff is informed and believes, and on the basis of that information and belief

13 alleges, that there exists, and at all times herein mentioned there existed, a unity of interest in

14 ownership between Defendants and Nuttery Farms, Inc., such that any individuality and

15 separateness between Defendants and Nuttery Farms, Inc. have ceased, and Nuttery Farms, Inc.

16 is, and was, the alter ego of Defendants in that:

17             a.      Defendants commingled funds and other assets of Nuttery Farms, Inc.

18 and their funds and other assets for their own convenience and to assist in evading payment of

19 obligations;

20             b.      Defendants diverted funds and other assets of Nuttery Farms, Inc. for

21 other than corporate uses;

22             c.      Defendants treated the assets of Nuttery Farms, Inc. as their own;

23             d.      At all times herein mentioned, Defendants controlled, dominated and

24 operated Nuttery Farms, Inc. as their individual business and alter ego, and carried out the

25 activities and business of Nuttery Farms, Inc. without the holding of directors or shareholders

26 meetings, without maintaining adequate records or minutes of corporate proceedings, and

27 Defendants entered into personal transactions with Nuttery Farms, Inc.;

28             e.      Defendants failed to adequately capitalize Nuttery Farms, Inc.;

PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207-8114
Telephone: (209) 952-1992
Facsimile: (209) 952-0250

- 2 -

**[PROPOSED] FIRST AMENDED COMPLAINT**                    Our File No 1-572-01

1          f.     Nuttery Farms, Inc. is, and at all times herein mentioned was, a mere

2    shell, instrumentality, and conduit through which Defendants carried on their business in the

3    corporate name exactly as they conducted it prior to incorporation, exercising complete control

4    and dominance of such business to such an extent that any individuality or separateness of

5    Nuttery Farms, Inc. and Defendants do not, and at all times herein mentioned did not, exist;

6          g.     Defendants diverted assets from Nuttery Farms, Inc. to themselves to the

7    detriment of creditors, including Plaintiff.

8        9.    Adherence to the fiction of the separate existence of Nuttery Farms, Inc. as an

9    entity distinct from Defendants would permit an abuse of the corporate privilege and would be

10    inequitable and unfair.

11        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

12    hereinafter set forth.

### SECOND CAUSE OF ACTION

**[Confirmation of Foreign Arbitration Award against all Defendants]**

15        10.    Plaintiff realleges and incorporates herein by reference the allegations contained

16    in paragraphs 1 through 9, inclusive.

17        11.    Plaintiff and Defendants were parties to certain written contracts for the purchase

18    and sale of almonds.  The contracts provided that disputes would be arbitrated before the Court

19    of Arbitration of the Waren-Verein der Hamburger Boerse e.V.  Thereafter, certain disputes

20    arose and were submitted to arbitration.

21        12.    On April 25, 2006, in Hamburg, Germany, the arbitrators, having held hearings

22    before the Court of Arbitration of the Waren-Verein der Hamburger Boerse e.V. at which all

23    parties, including Nuttery Farms, Inc. and Mr. Smeding, appeared and participated, and after

24    consideration of all the evidence presented at the hearings, made their award in writing,

25    acknowledged it, and delivered it to the parties.  A certified copy of the original award is

26    attached hereto as Exhibit "1", and incorporated herein by reference.  A certified English

27    translation of the award is also attached hereto as Exhibit "2", and incorporated herein by

28    reference.

PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207-8114
Telephone: (209) 952-1992
Facsimile: (209) 952-0250

- 3 -

1    13.   At all times during performance of the contract and the arbitration, Defendants

2   were the alter ego of Nuttery Farms, Inc., as alleged in Plaintiff's First Cause of Action.

3    14.   Plaintiff seeks an order of this court confirming the arbitration award and entry

4   of judgment against defendants enforcing the arbitration award.

5    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

6   ### THIRD CAUSE OF ACTION

7   **[Breach of contract against all Defendants]**

8    15.   Plaintiff realleges and incorporates herein by reference the allegations contained

9   in paragraphs 1 through 14 inclusive.

10

11    16.   In 2004, Plaintiff and Nuttery Farms, Inc. and, by virtue of the doctrine of alter-

12   ego, Defendants entered into a series of contracts for the purchase and sale of almonds.  True

13   and correct copies of those contracts are attached hereto, marked collectively Exhibit "3", and

14   incorporated herein as though fully set forth (hereinafter collectively "the Agreements").

15    17.   Plaintiff has performed all obligations on its parts to be performed under the

16   terms of the Agreements.

17    18.   In November, 2004, Defendants told Adam Hacking, President of Ahcom, Ltd.,

18   that they did not intend to perform the Agreements.  On November 29, 2004, Plaintiff sent to

19   Defendants a request for further assurances pursuant to California Commercial Code Section

20   2609.  Defendants failed to provide any assurance of due performance and thereby repudiated

21   the Agreements.

22    19.   As a direct and legal result of Defendants' breach of the Agreements, Plaintiff

23   suffered damages in the principal amount of one million four hundred eighty-four thousand

24   eight hundred dollars ($1,484,800), together with attorneys' fees and costs incurred for

25   enforcement of the terms of the contract.

26    WHEREFORE, Plaintiff prays judgment as follows:

27   ### PRAYER FOR RELIEF

28   ***WHEREFORE,*** Plaintiff prays for judgment against Defendants, and each of them, as

PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207-8114
Telephone: (209) 952-1992
Facsimile: (209) 952-0250

- 4 -

follows:

1.     For an order of the court finding Defendants to be the alter ego of Nuttery Farms, Inc.;

2.     For an order of this court confirming the arbitration award of the Court of Arbitration of the Waren-Verein der Hamburger Boerse e.V. against Defendants;

3.     That judgment be entered in conformity with that order;

4.     For damages in an amount to be proven at trial;

5.     For costs of suit;

6.     For an award of attorney's fees;

7.     That Plaintiff be awarded such other and further relief as the court deems just and proper.

Dated: April 24, 2008                              Respectfully Submitted,

**PARISH & SMALL**
A Professional Law Corporation


By_____
         WILLIAM H. PARISH
         Attorneys for Plaintiff

PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207-8114
Telephone: (209) 952-1992
Facsimile: (209) 952-0250

[PROPOSED] FIRST AMENDED COMPLAINT                    Our File No 1-572-01

Exhibit "1"

# SCHIEDSGERICHT

## DES WAREN-VEREINS DER HAMBURGER BÖRSE E. V.

# SCHIEDSSPRUCH

Az.: 31/04

In Sachen

der Firma AHCOM Ltd., gesetzlich vertreten durch ihren Eigentümer Adam Hacking, The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW, United Kingdom,

Prozeßbevollmächtigte: Rechtsanwälte Mielke, Streck & Albrecht,
Kleine Johannisstrasse 20, 20457 Hamburg,

- Klägerin -

gegen

die Firma Nuttery Farms, Inc., gesetzlich vertreten durch ihren Präsidenten Hendrik Smeding, 800 Rossi Road, St. Helena Napa Valley, California 94574, USA,

Prozeßbevollmächtigte: Rechtsanwälte Graf von Westphalen, Bappert & Modest,
Große Bleichen 21, 20354 Hamburg,

- Beklagte -

erkennt das Schiedsgericht, bestehend aus:

1. Horst J. Pfau, Firma Horst Joachim Pfau,
   Herbert-Weichmann-Str. 19, 22085  Hamburg

   als Schiedsrichter von
   der Klägerin ernannt,

2. Thomas Haas-Rickertsen, Firma Pisani & Rickertsen,
   Meßberg 1, 20095 Hamburg,

   als Schiedsrichter für
   die Beklagte vom Vor-
   sitzenden des Waren-
   Vereins der Hamburger
   Börse e.V. ernannt,

3. Harald Ficus,
   Vorsitzender Richter am Hanseatischen Oberlandesgericht a.D.,
   Billeweg 43, 21465 Wentorf,

   als Obmann gewählt von
   den Schiedsrichtern zu
   1. und 2.,

gemäß § 7 der Schiedsgerichtsordnung beraten durch
Rechtsanwalt Dr. Klaus Hanebuth, Große Bäckerstraße 4, 20095 Hamburg,
aufgrund der mündlichen Verhandlung vom 14.12.2005 und des anschließenden mit Schriftsatz der Klägerin vom 08.02.2006 abgeschlossenen schriftlichen Verfahrens

EXHIBIT 1
PAGE 1 OF 22

für Recht:

1. Die Beklagte wird verurteilt, der Klägerin US-$ 1.428.000,00 nebst Zinsen in Höhe von 2 Prozentpunkten über der jeweiligen Discount Rate der Federal Reserve Bank of San Francisco p.a. seit dem 21. Dezember 2004 zu zahlen.

2. Die weitergehende Schiedsklage wird abgewiesen.

3. Es wird festgestellt, dass die Beklagte verpflichtet ist, der Klägerin die zur Vollstreckung dieses Schiedsspruchs erforderlichen Kosten zu erstatten, soweit es um die Schadensersatzansprüche aus den 35 Redfern-Bestätigungen geht.

   Der weitergehende Antrag wird abgewiesen.

4. Von den hiermit auf € 35.639,09 festgesetzten Schiedsgerichtskosten fallen der Klägerin 3,5 %, der Beklagten 96,5 % zur Last.

   Die Beklagte wird verurteilt, der Klägerin € 34.391,72 an Schiedsgerichtskosten zu erstatten.

5. Die Klägerin wird verurteilt, der Beklagten 3,5 % der Kosten ihres Prozessbevollmächtigten zu erstatten.

   Der weitergehende Antrag wird zurückgewiesen.

6. Die Berufungsfrist wird auf einen Monat festgesetzt und beginnt mit Ablauf des Tages, an welchem dieser Schiedsspruch der Beklagten zugestellt wird.

## Tatbestand

Die Klägerin verlangt von der Beklagten die Zahlung von Schadensersatz wegen Nichterfüllung mehrerer Kaufverträge.

Sie trägt vor, sie habe von der Beklagten in der Zeit vom 03.03. bis 08.11.2004 1.052,35 Tonnen kalifornische geschälte Mandeln von bestimmter Gattung und Qualität aus der Ernte 2004 gekauft, und zwar gemäß

1. Bestätigungen ("Corfirmation") der Brokerfirma S. J. Redfern Ltd., fortan: Redfern , (Anlagenkonvolut K 2):
   a) vom 03.03.2004 Nr. A 040303-5 bis 10:
      jeweils 1 Container mit 20 t (insgesamt 120 t) zur Verschiffung
      jeweils 2 Container monatlich von Oktober bis Dezember 2004



EXHIBIT
PAGE _2_ OF _22_

/3

und zum Preise von US-$ 432,00;

b) vom 16.09.2004 Nr. A 040916-3 bis 7:
jeweils 1 Container mit 20 t (insgesamt 100 t) zur Verschiffung
jeweils1 Container monatlich von November 2004 bis März
2005 und zum Preise von US-$ 543,00;

c) vom o4..08.2004 Nr. A 0408042-2 bis 7:
jeweils 1 Container mit 20 t (insgesamt 120 t) zur Verschiffung
jeweils 1 Container monatlich von Januar bis Juni 2005 und
zum Preise von US-$ 443,00;

d) vom 06.08.2004 Nr. A 040806-4 bis 9:
jeweils 1 Container mit 20 t (insgesamt 120 t) zur Verschiffung
jeweils 1 Container monatlich von Januar bis Juni 2005 und
zum Preise von US-$ 457,00;

e) vom 09.09.2004 Nr. A 040909-13 bis 18 (Nr. 15 - 17 Anlagen-
konvolut K 8):
jeweils 1 Container mit 20 t (insgesamt 120 t) zur Verschiffung
jeweils 1 Container monatlich von Januar bis Juni 2005 und
zum Preise von US-$ 535,00;

f) vom 09.09.2004 Nr. A 040909-31 bis 36:
jeweils 1 Container mit 20 t (insgesamt 120 t) zur Verschiffung
jeweils 1 Container monatlich von Oktober 2005 bis März 2006
und zum Preise von US-$ 505,00.

2. Kontrakte ("Contract") der Brokerfirma Eurobroker S.A., fortan:
Eurobroker (Anlagenkonvolut K 2):
vom 11.08.2004 Nr. 40807-2 bis 4:
jeweils 1 Container mit 20 t (insgesamt 60 t) zur Verschiffung
jeweils 1 Container monatlich von April bis Juni 2005 und zum
Preise von US-$ 478,00.

Alle Bestätigungen und Kontrakte hätten als Preisparität bestimmt: 220 lbs FAS
kalifornischer Hafen. Die Klausel 'Special Remarks' laute in den Bestätigungen zu Ziff. 1.
u.a.

AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS
AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED
FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. -
ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN
VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL
BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY
DISPUTE ARISING THEREFROM.

und die Klausel 'General Conditions' laute in den Kontrakten zu Ziff. 2. u.a.

As per Export Contract for Dried Fruit, Tree Nuts and Kindred Products,
adopted by the California Dried Fruit Export Association effective July
10, 2003 - Arbitration in accordance with the Arbitration Rules of the
Waren-Verein der Hamburger Börse e.V. whose arbitrators -



EXHIBIT |
PAGE **3** OF **22**

.../4

_4_

> international participation permitted - shall be competent for final
> settlement of all and any dispute arising herefrom.

Die drei Kontrakte des Vermittlers Eurobroker hätten abschließend gelautet:

> Please sign and return us a copy of this contract. The failure to do so
> and retention of it shall constitute an acceptance of the above terms and
> conditions.

Hinsichtlich der Qualitäten und Gattungen der Ware wird auf die Bestätigungen und Kontrakte Bezug genommen.

Der Vermittler Redfern habe, so der weitere Vortrag der Klägerin, seine Bestätigungen an die Beklagte laut Faxprotokolle (Anlagenkonvolut K 8) versandt. Die Beklagte habe die drei Kontrakte des Vermittlers Eurobroker per E-mail laut Eingangsbestätigung am 08.11.2004 erhalten (Anlage zum Kurzbrief des Vermittlers, eingegangen in der Geschäftsstelle des Schiedsgerichts am 26.01.2005).

Zusätzlich habe die Klägerin ihre entsprechenden 7 Kaufverträge ("Purchase Contract") ausgestellt (Anlagenkonvolut K 1), in denen die zum jeweiligen Kontrakt gehörenden monatlichen Verschiffungen zusammmengefasst worden seien und in denen auf die Nummern der einzelnen Bestätigungen bzw. Kontrakte der beiden Vermittler Bezug genommen worden sei:

> zu Ziff. 1. a): Kontrakt Nr. 003463.000 vom 03.03.2004
> zu Ziff. 1. b): Kontrakt Nr. 003778.000 vom 17.09.2004
> zu Ziff. 1. c): Kontrakt Nr. 003684.000 vom 05.08.2004
> zu Ziff. 1. c): Kontrakt Nr. 003697.000 vom 09.08.2004
> zu Ziff. 1. e): Kontrakt Nr. 003755.000 vom 10.09.2004
> zu Ziff. 1. f): Kontrakt Nr. 003756.000 vom 10.09.2004
> zu Ziff. 2.:    Kontrakt Nr. 003708.000 vom 11.08.2004

Außerdem habe die Klägerin ihren Kaufvertrag ("Purchase Contract") Nr. 003869.000 vom 08.11.2004 über 40 Tonnen zur Verschiffung jeweils 1 Container im Mai und Juni 2005 und zum Preise von US-$ 600,00 ausgestellt (Anlagenkonvolut K 1 zum Schriftsatz der Klägerin vom 04.05.2005), der ohne Vermittler zustande gekommen sei. Diesen Kaufvertrag habe sie laut Faxreport (Anlagenkonvolut K 1 zum Schriftsatz der Klägerin vom 04.05.2005) der Beklagten übermittelt.

In den 8 Kaufverträgen der Klägerin sei folgende Klausel ('Conditions of Sale') enthalten, und zwar hinsichtlich der Kaufverträge zu Ziff. 1. und 2.:

**EXHIBIT** 
PAGE **4** OF **22**

> All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser.

und hinsichtlich des Kaufvertrages vom 08.11.2004:

> All other terms and conditions as per USDA/DFA terms and conditions, including arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser.

Unstreitig sind die von der Klägerin vorgelegten drei Kontrakte des Vermittlers Eurobroker lediglich in der Spalte Käufer unterzeichnet, während die Spalte "EUROBROKER S.A." nicht ausgefüllt ist, und die 35 Bestätigungen des Vermittlers Redfern tragen lediglich eine Unterschrift des Vermittlers (ohne dass Unterschriftsspalten für Käufer bzw. Verkäufer vorgesehen sind). Sieben der acht Kaufverträge der Klägerin tragen eine Unterschrift weder in der für die Beklagte noch für die Klägerin vorgesehenen Spalte ; der Purchase Contract vom 08. 11. 2004 ist auf Seiten der Klägerin unterzeichnet .

Die Bestätigungen des Vermittlers Redfern zu Ziff. 1. b) enthielten bereits eine Destination (Riga). Die Klägerin erteilte gegenüber diesem Vermittler die Destinationen (Anlagenkonvolut K 10) zu der Bestätigung zu Ziff. 1. a) für den Monat Oktober 2004 mit Telefax vom 02.09.2004, für November 2004 mit Telefax vom 06.10.2004 und für Dezember 2004 mit Telefax vom 29.10.2004. Der Vermittler leitete diese Destinationen jeweils am selben Tage per Telefax an die Beklagte weiter (Anlagenkonvolut K 11). .

Mit Telefax vom 23.11.2004 (Anlagenkonvolut K 4 nebst Fax-Report) setzte die Klägerin der Beklagten erfolglos eine Frist von drei Geschäftstagen zur Erstattung der Verschiffungsanzeige für zwei gemäß der Bestätigung des Vermittlers Redfern Nr. A 043035 im Oktober 2004 zu verschiffende Container.

Am 26.11.2004 (einem Freitag) teilte die Klägerin der Beklagten per E-mail in Bezug auf Mandeln mit (Anl. zum Schriftsatz der Klägerin vom 18.01.2003):

> we have passed the debits on the OCT - DEC almonds contracts to your account basis 590 on the STDS and 630 on the 27/30's - the paperwork will follow.

> In order to formalise the discussion we had we have instructed our attorney to forward you a demand for assurances relating to our


EXHIBIT I
PAGE 5 OF 22

> outstanding contracts, I hope you can give us some form of concrete
> proposal within the 30 day time limit.

Die Beklagte erwiderte am 29.11.2004 (einem Montag) per E-mail (Anl. zum Schriftsatz
der Klägerin vom 18.01.2005 , Bl. 8 d.A.):

> ANY DISPUTE WE MAY HAVE REGARDING THE OCTOBER
> SHIPMENTS OF THE ALMONDS CAN BE SETTLED AS YOU HAVE
> ALREADY INDICATED WITH ARBITRATION.

Sodann ließ die Klägerin die Beklagte mit Rechtsanwalts-Schreiben vom 29.11.2004 (Anl.
K 3) bezüglich der von Oktober 2004 bis März 2006 abzuwickelnden Kontrakte und unter
Hinweis auf die seit Oktober 2004 nicht verschifften 120 Tonnen Mandeln gemäß Section
2609 des California Commercial Code (CCC) auffordern, bis zum 20.12.2004 eine
schriftliche Zusicherung ("assurance") zu geben, dass die Beklagte die Kontrakte
ordnungsgemäß erfüllen werde. Falls die Beklagte die Zusicherung nicht erteile, müsse
die Klägerin sich anderweitig eindecken, um ihre Verpflichtungen zu erfüllen; der Schaden
betrage gegenwärtig US-$ 815.000,00 und werde wahrscheinlich steigen. Ferner könne
sie alle gesetzlichen Rechtsbehelfe ausüben, um den Gewinn ihres Geschäfts mit der
Beklagten zu erhalten. Die Beklagte reagierte nicht.

Die Klägerin trägt weiter vor, die Beklagte habe nicht verschifft, da sie sonst Geld verloren
haben würde. In einem Treffen am Montag vor den 26.11.2004 habe die Beklagte der
Klägerin erklärt, sie werde diejenige Ware liefern, an der sie Geld verdiene; wo sie Geld
verliere, möge die Klägerin ein Schiedsgerichtsverfahren durchführen. Hierauf beziehe
sich die E-mail der Beklagten vom 29.11.2004.

Die Beklagte habe die beiden Makler - und zwar nicht nur im Verhältnis zur Klägerin
sondern auch zu anderen Firmen - bevollmächtigt, die Geschäftsabschlüsse
vorzunehmen, die Schiedsklausel mit der ausschließlichen Bestimmung des
Schiedsgerichts des Waren-Vereins in die Verträge einzubeziehen und die
Vertragsbestätigungen zu unterzeichnen.

Sie habe keinen der Verträge oder Confirmations, welche ihr die beiden Makler im
Rahmen der jahrelangen Geschäftsbeziehungen gesandt hätten, unterzeichnet und an
den Makler oder die Klägerin zurückgesandt, auch nicht ohne Unterschrift. Sie habe auch
in keinem Fall den Inhalt beanstandet oder behauptet, nicht an den Vertrag gebunden zu
sein. Sie habe in den Fällen, in denen sich die Verträge für sie im Ergebnis als günstig

**EXHIBIT** 1

PAGE 6 OF 22

...7

herausgestellt hätten, trotz Fehlens ihrer schriftlichen Bestätigung und Rücksendung auf Einhaltung der Verträge gepocht.

Auch der von der Klägerin ausgestellte Kaufvertrag vom 08.11.2004 sei einschließlich der Schiedsvereinbarung mangels Widerspruchs der Beklagten gemäß Section 2201 CCC zustande gekommen (Beweis: gutachtliche Stellungnahme des Rechtsanwalts James E. Ganzer vom 22.04.2005, Anl. K 9).

Auf der Grundlage einer Auskunft des Vermittlers R.S. Tinsley (Liverpool) Ltd. vom 09.12.2004 (Anl. K 6) über Preise für die einzelnen Verschiffungsmonate und Mandelgattungen erstellt die Klägerin die auszugsweise nachfolgende Schadensübersicht (Anl. K 5), die mit einem Schaden in Höhe von insgesamt US-$ 1.484.800,00 als Differenz zwischen dem jeweiligen Kontrakt- und Marktpreis endet:

EXHIBIT |
PAGE 7 OF 22

Nuttery Postion - updated 13th December 2004

| Purchases Contract Number | Counter Party | Origin | Variety | Weight code | Quantity | Contract Price (entry) (USD/ | Ship/delivery (USD/220lbs FAS Calif | Net Margin (USD) |
|---|---|---|---|---|---|---|---|---|
| Period: OCT 2004 | | | | | | | | |
| 003463.A00 | NUTTER.P | CALIF | BBLE | T | 40 | 620 | 04-Oct | 75,200.00 |
| Totals for OCT 2004 | | | | MT | 39.9165 | | | 75,200.00 |
| Period: NOV 2004 | | | | | | | | |
| 003463.B00 | NUTTER.P | CALIF | BBLE | T | 40 | 650 | 04-Nov | 87,200.00 |
| 003778.A00 | NUTTER.P | CALIF | NPCAL | T | 20 | 700 | Nov-04 | 31,400.00 |
| Totals for NOV 2004 | | | | MT | 59.8748 | | | 118,600.00 |
| Period: DEC 2004 | | | | | | | | |
| 003463.C00 | NUTTER.P | CALIF | BBLE | T | 40 | 670 | 04-Dec | 95,200.00 |
| 003778.B00 | NUTTER.P | CALIF | NPCAL | T | 20 | 700 | Dec-04 | 31,400.00 |
| Totals for DEC 2004 | | | | MT | 59.8748 | | | 126,600.00 |
| Period: JAN 2005 | | | | | | | | |
| 003684.A00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Jan | 46,400.00 |
| 003697.A00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Jan | 43,600.00 |
| 003755.A00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Jan | 28,000.00 |
| 003778.C00 | NUTTER.P | CALIF | NPCAL | T | 20 | 710 | Jan-05 | 33,400.00 |
| Totals for JAN 2005 | | | | MT | 111.585 | | | 151,400.00 |
| Period: FEB 2005 | | | | | | | | |
| 003684.B00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Feb | 46,400.00 |
| 003697.B00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Feb | 43,600.00 |
| 003755.B00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Feb | 28,000.00 |
| 003778.D00 | NUTTER.P | CALIF | NPCAL | T | 20 | 710 | Feb-05 | 33,400.00 |
| Totals for FEB 2005 | | | | MT | 111.585 | | | 151,400.00 |
| Period: MAR 2005 | | | | | | | | |
| 003684.C00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Mar | 46,400.00 |
| 003697.C00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Mar | 43,600.00 |
| 003755.C00 | NUTTER.P | CALIF | BBLE | T | 20 | 675 | 05-Mar | 28,000.00 |
| 3778 | NUTTER.P | CALIF | NPCAL | T | 20 | 710 | Mar-05 | 33,400.00 |
| Totals for MAR 2005 | | | | MT | 111.585 | | | 151,400.00 |
| Period: APR 2005 | | | | | | | | |
| 003684.D00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 04-Apr | 50,400.00 |
| 003697.D00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 04-Apr | 47,600.00 |
| 003708.A00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 04-Apr | 43,400.00 |
| 003755.D00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 04-Apr | 32,000.00 |
| Totals for APR 2005 | | | | MT | 111.585 | | | 173,400.00 |
| Period: MAY 2005 | | | | | | | | |
| 3684 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-May | 50,400.00 |
| 3697 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-May | 47,600.00 |
| 003708.B00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-May | 43,400.00 |
| 3755 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-May | 32,000.00 |
| 003869.A00 | NUTTER.P | CALIF | CAL | T | 20 | 730 | May-05 | 26,000.00 |
| Totals for MAY 2005 | | | | MT | 131.5433 | | | 199,400.00 |
| Period: JUN 2005 | | | | | | | | |
| 003684.F00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-Jun | 50,400.00 |
| 003697.F00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-Jun | 47,600.00 |
| 003708.C00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-Jun | 43,400.00 |
| 003755.F00 | NUTTER.P | CALIF | BBLE | T | 20 | 695 | 05-Jun | 32,000.00 |
| 003869.B00 | NUTTER.P | CALIF | CAL | T | 20 | 730 | Jun-05 | 26,000.00 |
| Totals for JUN 2005 | | | | MT | 131.5433 | | | 199,400.00 |
| Period: OCT 2005 | | | | | | | | |
| 003756.A00 | NUTTER.P | CALIF | BBLE | T | 20 | 615 | Oct-05 | 22,000.00 |
| Totals for OCT 2005 | | | | MT | 19.9583 | | | 22,000.00 |
| Period: NOV 2005 | | | | | | | | |
| 003756.B00 | NUTTER.P | CALIF | BBLE | T | 20 | 615 | Nov-05 | 22,000.00 |
| Totals for NOV 2005 | | | | MT | 19.9583 | | | 22,000.00 |
| Period: DEC 2005 | | | | | | | | |
| 003756.C00 | NUTTER.P | CALIF | BBLE | T | 20 | 615 | Dec-05 | 22,000.00 |



EXHIBIT 8 PAGE ___ OF ___

Period: JAN 2006
003756.D00  NUTTER.P    CALIF  BBLE  T         20                625 Jan-06              24,000.00

Totals for JAN 2006                    MT      19.9583                                   24,000.00

Period: FEB 2006
3756          NUTTER.P    CALIF  BBLE  T         20                625 Feb-06              24,000.00

Totals for FEB 2006                    MT      19.9583                                   24,000.00

Period: MAR 2006

003756.F00  NUTTER.P    CALIF  BBLE  T         20                625 Mar-06              24,000.00

Totals for MAR 2006                    MT      19.9583                                   24,000.00

Report Totals                          MT      1,052.35                              1,484,800.00

EXHIBIT /
PAGE __9__ OF 22

Die Klägerin fordert eine Verzinsung in Höhe wie für eine ungesicherte Forderung.

Ferner begehrt sie eine Entscheidung hinsichtlich der Vollstreckungskosten des Schiedsspruchs, da die kalifornischen Gerichte ohne einen derartigen Ausspruch diese Kosten nicht zuerkennen würden.

Die Klägerin beantragt,

> die Beklagte zu verurteilen, der Klägerin US-$ 1.484.800,00 nebst Kosten des Schiedsgerichts-verfahrens, "reasonable" Zinsen und Kosten der Vollstreckung zu zahlen.

Die Beklagte beantragt,

> 1. die Klage als unzulässig, hilfsweise als unbegründet abzuweisen;
>
> 2. die Klägerin zu verurteilen, der Beklagten gemäß den Verträgen die Kosten ihres Prozessbevoll-mächtigten zu erstatten .

Die Beklagte rügt die Unzuständigkeit des Schiedsgerichts und bestreitet formgültige Schiedsvereinbarungen, da die Bestätigungen (Vermittler Redfern) und Kontrakte (Vermittler Eurobroker) lediglich eine Unterschrift für den Vermittler bzw. in der Spalte "Käufer" aufwiesen.

Hilfsweise bestreitet die Beklagte, dass die Verträge überhaupt wirksam abgeschlossen seien, da nach kalifornischem Recht Verträge für den Kauf und die Lieferung von Handelsware, soweit diese einen Wert von mehr als US-$ 500,00 hätten, der Schriftform bedürften. Es seien zwar (Vertrags-)Verhandlungen jeweils zwischen dem Makler und den beiden Parteien geführt worden. Sie hätten aber in keinem Fall zu einer Einigung der Parteien geführt. Deshalb habe die Beklagte die ihr von der Klägerin zugeschickten Kaufverträge (Anlagenkonvolut K 1) nicht unterschrieben.

Die Beklagte bestreitet, den Maklern Redfern und Eurobroker, über welche die Verhandlungen ausschließlich gelaufen seien, jemals Vollmachten zum Vertragsabschluß einschließlich Schiedsvereinbarung erteilt zu haben. In den Verhandlungen der Beklagten mit den Maklern sei es niemals um eine Schiedsklausel und niemals um das Schiedsgericht des Waren-Vereins gegangen.



EXHIBIT /
PAGE 10 OF 22

Nach amerikanischem, insbesondere kalifornischem Recht hätten solche Vollmachten der vollen Schriftform mit Unterschrift der Beklagten bedurft.

Wenn die Parteien über den Makler zu einem Einverständnis gekommen seien, habe der Makler der Beklagten immer eine schriftliche Bestätigung sowie darüber hinaus einen schriftlichen Vertrag geschickt. Die Beklagte habe dann den Vertrag unterzeichnet und an den Makler zurückgeschickt. Sie sei immer davon ausgegangen, dass der Vertrag erst mit Unterschrift beider Parteien endgültig zustande gekommen sei.

Hinsichtlich der streitgegenständlichen Verträge hätten die beiden Makler der Beklagten lediglich ihre "Confirmations" (Anlagenkonvolut K 2) geschickt. Darüber hinaus hätten die Makler der Beklagten die "Purchase Contracts" der Klägerin (Anlagenkonvolut K 1) übersandt, die nicht einmal von der Klägerin selbst unterschrieben gewesen seien.

Ferner wendet die Beklagte (auf der Grundlage der Geschäftsbedingungen des Waren-Vereins der Hamburger Börse e.V. = Waren-Vereins-Bedingungen = WVB) ein, bei Klagerhebung (Dezember 2004) seien weder die Abladezeiten ab Dezember 2004 verstrichen gewesen, noch habe die Beklagte die Vertragserfüllung verweigert. Daher sei die Klägerin noch nicht berechtigt gewesen, der Beklagten eine Frist zur Leistungsbereitschaft gemäß § 17 Abs. 2 bzw. § 18 WVB zu setzen.

Es ist Beweis erhoben worden über die Behauptungen der Klägerin,
a) die Confirmations gemäß Anl. K 2 seien jeweils nach entsprechenden Verhandlungen der Broker mit den Parteien versandt worden,
b) die darin enthaltenen Schiedsgerichtsklauseln seien kraft Vollmachten der Parteien aufgenommen worden,
durch Vernehmung der Zeugen Steve Redfern und Michael Becker.

Der Zeuge Becker hat ausgesagt, er sei mit Herrn Smeding seit 1999 in Verbindung. Zu jener Zeit sei man in Europa dazu übergegangen, die neu formulierte Waren-Verein-Schiedsgerichtsklausel in die Akzepte einzuschließen. Er habe offen mit jedem Partner über diese Klausel diskutiert. Herr Smeding sei sehr dafür gewesen, die Waren-Verein-Schiedsgerichtsklausel in die Kontrakte einzufügen, um eventuelle Streitigkeiten in Europa vor einem europäischen Schiedsgericht durchfechten zu können. Auf Bitte von Herrn Smeding habe der Zeuge diesem die englische Fassung der Waren-Vereins-Bedingungen übersandt.

EXHIBIT /
PAGE 11 OF 22

Seit dem Jahr 2000 habe der Zeuge Kontrakte für die Beklagte unter diesen Bedingungen geschlossen, allein für 2004 dürften es für verschiedene Vertragspartner 120 bis 140 Kontrakte gewesen sein. Herr Smeding habe alle diese Kontrakte honoriert, bis er im Oktober/November 2004 telefonisch erklärt habe, der Zeuge müsse die Leute [d.h. die Kontraktpartner] informieren, dass die Ware für Oktober-/November-/Dezember-Kontrakte nicht geliefert werden könne, da er von seinen Lieferanten nicht beliefert worden sei. Hinsichtlich späterer Kontrakte habe Herr Smeding erklärt, dass Hinweise an die Abnehmer noch Zeit hätten. Es seien nur jene drei Kontrakte erfüllt worden, in denen die Beklagte Käufer gewesen sei.

Die Verhandlungen zwischen dem Zeugen und Herrn Smeding seien stets nur telefonisch geschehen. So sei es auch bei den drei streitgegenständlichen Kontrakten gewesen, wie sich aus der Maklerkladde des Zeugen ergebe. Herr Smeding habe die Verladung offeriert. Die Klägerin habe ein Gebot abgegeben. Das habe Herr Smeding akzeptiert. Daraufhin habe der Zeuge eine E-mail [über den Vertragsabschluß] an Herrn Smeding geschickt. Diese habe Herr Smeding empfangen, wie aus den [in der Beweisaufnahme vorgelegten] Sende- bzw. Empfangsbestätigungen hervorgehe.

Bei den Kontrakten des Zeugen gemäß Anlagenkonvolut K 2 handele es sich um E-mail-Kopien. Daneben gebe es ausgedruckte Exemplare, die von Eurobroker unterzeichnet an die Parteien versandt worden seien, wie z.B. der Contract 408074 (Anl. Z 1).

Herr Smeding habe noch nie einen einzigen Vertrag unterschrieben oder ununterschrieben zurückgeschickt.

Die Formulierung "Please sign and return", mit welcher der Zeuge die Kontrakte als Attachments per E-mail an die Beklagte gesandt habe, sei eine Standardformulierung; für ihn gehöre diese Aufforderung dazu. Er richte sie an beide Partner.

Der Zeuge Redfern hat bekundet, er habe seine Geschäftsverbindung zu beiden Parteien im Jahre 2002 aufgenommen. Seitdem habe er - außer den streitgegenständlichen Kontrakten - insgesamt 77 Verkäufe bzw. Käufe der Beklagten bearbeitet, und zwar mit verschiedenen Kontraktpartnern. Alle diese 77 Kontrakte seien problemlos erfüllt worden.

Alle (Käufer, Verkäufer, Broker) kannten die "terms and conditions" [gemeint sind die "General Conditions"]. Auch er verwende diese Klausel seit ihrer Aufnahme in Verträge


EXHIBIT i
PAGE 12 OF 22

/13

etwa Frühjahr 1998. Er füge die Klausel generell in die Kontrakte ein, ohne dass darüber im Einzelfall diskutiert werden müsse.

Er habe zu Beginn der Geschäftsbeziehungen einen Kontrakt an Herrn Smeding mit dem Ersuchen geschickt, ihn durchzulesen und mitzuteilen, ob er mit dem Inhalt einverstanden sei. Herr Smeding habe keine Einwendungen erhoben.

Der Zeuge hat die telefonischen Kontraktverhandlungen in derselben Art und Weise wie zuvor der Zeuge Becker geschildert. Er hat weiter bekundet, er verschicke die jeweilige Confirmation per Telefax noch am selben Tage des Geschäftsabschlusses an Käufer und Verkäufer. Sodann würden noch Exemplare per Post versandt. Er verlange von den Parteien keine gegengezeichneten Exemplare zurück; der Kontrakt sei für ihn mit seiner Unterschrift zustande gekommen. Dies sei das erste Mal nach 27 Jahren, dass die Gültigkeit seiner Kontrakte wegen fehlender Unterschrift angezweifelt werde.

Er habe von der Beklagten nie gegengezeichnete Kontraktexemplare - für Verkäufe wie für Käufe - zurückerhalten. Die Beklagte habe die Klauseln in den Verträgen stets akzeptiert.

Wegen weiterer Einzelheiten der Beweisaufnahme wird ergänzend auf das Protokoll zur Sitzungsniederschrift vom 14.12.2005 Bezug genommen.

Ferner wird ergänzend auf die Sitzungsniederschriften vom 21.02. und 14.12.2005 sowie auf die beigezogenen Akten des Waren-Vereins über die Ernennung des Schiedsrichters Haas-Rickertsen Bezug genommen.

Über die € 191,40 (einschließlich € 26,40 USt.) hinaus, welche für die Ernennung des Schiedsrichters Haas-Rickertsen berechnet worden waren, hat die Klägerin dem Waren-Verein der Hamburger Börse e.V. einen Schiedsgerichtskostenvorschuss in Höhe von € 35.447,69 (einschließlich € 4.889,34 USt.) gezahlt.



EXHIBIT /
PAGE 13 OF 22

## Entscheidungsgründe

I.

Das Verfahren ist mit Ausnahme eines Kontraktes zulässig. Die Rüge der Unzuständigkeit ist nur insoweit begründet. Das Schiedsgericht des Waren-Vereins der Hamburger Börse e.V. ist im übrigen für die Entscheidung des Rechtsstreits der Parteien zuständig. Die Klägerin hat  insoweit zur Überzeugung des Schiedsgerichts bewiesen, dass wirksame Schiedsvereinbarungen bestehen.

1. Die Wirksamkeit der Schiedsvereinbarung in den Bestätigungen und Kontrakten der beiden Makler beurteilt sich nach deutschem Verfahrensrecht. Die Parteien haben eine Vereinbarung im Sinne von § 1043 Abs. 1 Ziff. 1 Zivilprozessordnung (ZPO) über den Ort des schiedsrichterlichen Verfahrens getroffen, indem in allen Bestätigungen des Vermittlers Redfern wie auch den Kontrakten des Vermittlers Eurobroker das Schiedsgericht des Waren-Vereins bzw. dessen Schiedsgerichtsordnung einbezogen worden sind. § 2 dieser Schiedsgerichtsordnung bestimmt, dass das Schiedsgericht seinen Sitz in Hamburg, mithin in Deutschland hat. Liegt der Ort des schiedsrichterlichen Verfahrens in Deutschland, finden gemäß § 1025 Abs. 1 ZPO die §§ 1025 ff. ZPO Anwendung.

Das Schiedsgericht ist nach der Beweisaufnahme vollständig davon überzeugt, dass die beiden Makler die streitgegenständlichen sieben Geschäfte und die entsprechenden Verträge zustande gebracht haben und dass sie im einzelnen auch den Auftrag von den Parteien - hier insbesondere von der Beklagten - erhalten hatten, die Schiedsklausel in der vorgenommenen Art und Weise einzufügen .

Beide Zeugen haben ausgesagt , dass sie  - über die von der Beklagten einge-räumten Geschäftsverhandlungen hinaus - eine Einigung der Parteien über die Kaufvertragsabschlüsse herbeigeführt haben. Ferner haben sie übereinstimmend bekundet, dass die Beklagte bzw. deren gesetzlicher Vertreter Herr Smeding niemals ein Exemplar der Kontrakte - wie von dem Zeugen Becker am Ende seiner Kontrakte erbeten - bzw. der Bestätigungen zurückgeschickt habe; dennoch habe die Beklagte diese seit dem Jahre 2000 bzw. 2002 vermittelten Kontrakte bis zu dem Zeitpunkt erfüllt, als die streitgegenständlichen Kaufverträge zu erfüllen waren. Schließlich hat der Zeuge Becker erklärt, er habe die Schiedsklausel, als sie etwa 1999 in der gegenwärtigen Form üblich geworden sei, mit der Beklagten (Herrn Smeding) erörtert



und dieser habe sich für die Einfügung der Klausel in die Kontrakte ausgesprochen. Inhaltlich vergleichbar hat der Zeuge Redfern erklärt, er habe zu Beginn seiner Geschäftsbeziehungen einen Kontrakt an Herrn Smeding zum Durchlesen geschickt, der daraufhin keine Einwendungen erhoben habe.

Diese Aussagen sind glaubhaft, da sie sich weitgehend decken. Die Zeugen sind unabhängig voneinander und als Mitbewerber in verschiedenen Ländern (der Zeuge Becker in Frankreich, der Zeuge Redfern in Großbritannien) auf dem internationalen Markt tätig.

Die Aussagen der Zeugen finden zudem ihre Bestätigung in dem Umstand, dass die Beklagte die Klägerin ohne Umschweife auf den schiedsgerichtlichen Weg verwiesen hat, als sie die Lieferungen für Oktober 2004 nicht erbracht hatte ( E-mail vom 29.11.2004, Bl. 8 d.A.). Auch der der für Oktober vorgesehen gewesenen Lieferung zugrundeliegende Kontrakt war über Redfern zustandegekommen, und zwar am 03.03.2004 (Anlagenkonvolut K 1 zum Schriftsatz vom 04.05.2005); der Purchase Contract der Klägerin stammt vom selben Tage.

2. Gemäß § 1031 Abs. 1 Alternative 1 ZPO muss eine Schiedsvereinbarung in einem von den Parteien unterzeichneten Dokument enthalten sein. Das ist hier bereits mit der Unterzeichnung der Bestätigungen bzw. Kontrakte durch den jeweiligen Makler der Fall.

Die beiden Makler waren von den Parteien auch bevollmächtigt, die Schiedsklausel in die Bestätigungen bzw. Kontrakte einzufügen, wie zuvor ausgeführt. Diese Vollmacht konnte (fern-)mündlich erteilt werden (§ 167 Abs. 2 Bürgerliches Gesetzbuch [BGB]; vgl. Zöller-Geimer, ZPO, 24. Aufl. 2004, § 1031 Rn 13). Damit liegt durch die jeweilige Unterschrift der beiden Zeugen unter die Bestätigungen bzw. Kontrakte eine schriftliche Schiedsvereinbarung der Parteien vor (vgl. Schlosser, Das Recht der internationalen privaten Schiedsgerichtsbarkeit, 2. Aufl. 1989, Rn 373; Schwab-Walter, Schiedsgerichtsbarkeit, 7. Aufl. 2005, Kap. 5 Rn . 2).

Die beiden Vorabsätze gelten gleichermaßen für die (klarer formulierten) Eurobroker - Kontrakte wie für die Redfern - Bestätigungen. Auch letztere machen durch die Wortwahl "Arbitration in Accordance with the rules of Waren - Verein ..." deutlich, dass das Schiedsgericht des Waren - Vereins gemeint war - was der Beklagten nach den



EXHIBIT 1
PAGE 15 OF 22   .../16

überzeugenden Bekundungen der Zeugen im übrigen seit langem bekannt war.

3. Zum deutschen Recht gehören auch die Verträge, welche die Bundesrepublik Deutschland mit anderen Staaten geschlossen hat.

Schon deshalb gilt für das Rechtsverhältnis der Parteien auch das UN-Übereinkommen über die Anerkennung und Vollstreckung ausländischer Schiedssprüche vom 10.06.1958 (UN-ÜbkSchdG). Diesem Abkommen sind die Bundesrepublik Deutschland und die USA beigetreten (vgl. Baumbach-Albers, ZPO, 64. Aufl. 2006 , Einl V Rn 15, 23).

Das Übereinkommen ist unmittelbar bei der Anerkennung und Vollstreckung von im Ausland ergangenen Schiedssprüchen anwendbar und richtet sich somit bei deutschen Schiedssprüchen an den Exequaturrichter im Ausland.

Die formellen Voraussetzungen von Art II Abs. 1 und 2 UN-ÜbkSchdG als Grundlage der Anerkennung und Vollstreckung liegen vor. Art. II Abs. 1 des Abkommens bestimmt, dass jeder Vertragsstaat eine schriftliche Vereinbarung anerkennt, durch die sich die Parteien verpflichten, alle oder einzelne Streitigkeiten, die zwischen ihnen aus einem bestimmten Rechtsverhältnis bereits entstanden sind, einem schiedsrichter- lichen Verfahren zu unterwerfen. Gemäß Art. II Abs. 2 ist unter einer "schriftlichen Vereinbarung" eine Schiedsklausel in einem Vertrag zu verstehen, sofern der Vertrag von den Parteien unterzeichnet ist. Letzteres ist aufgrund der Bevollmächtigung der beiden Makler geschehen, wie zuvor ausgeführt.

Auch insoweit genügte die (fern-)mündliche Erteilung der Vollmacht, da § 167 Abs. 2 BGB als Kollisionsnorm anwendbar ist (vgl. näher Schwab-Walter, a.a.O., Kap 44 Rn 19).

4. Hinsichtlich des von der Klägerin ausgestellten Kaufvertrages Nr. 003869.000 vom 08.11.2004 ist das Verfahren   n i c h t   zulässig. Insoweit liegt   keine wirksame Schiedsvereinbarung mit der Zuständigkeit des Schiedsgerichts des Waren-Vereins vor.
Dieser Kontrakt ist nicht über einen der beiden Makler geschlossen worden. Die diesen nach der Überzeugung des Schiedsgerichts von den Parteien erteilten Abschluss- vollmachten wirken sich hier nicht aus. Im Sinne der oben unter 3. behandelten Voraussetzungen nach dem UN-Übereinkommen fehlt es vielmehr an einer



schriftlichen Schiedsgerichtsvereinbarung; denn der Kontrakt ist nur seitens der Klägerin unterzeichnet worden.

Hinzu käme im übrigen, daß die im Kontrakt vorgesehene arbitration clause diejenige der USDA / DFA  terms and conditions ist; das Schiedsgericht des Waren - Vereins ist auch nicht andeutungsweise erwähnt.  Nach Nr. 29 der "USDA / DFA  terms and conditions" käme des Schiedsgericht des Waren-Vereins überhaupt erst dann zum Zuge, wenn die CDFEA den Parteien unter bestimmten weiteren Voraussetzungen anheimstellte, sich der Schiedsgerichtsbarkeit des Waren - Vereins zu unterwerfen. Dafür ist nichts dargetan.


II.


Die Klage ist weit überwiegend begründet.

1. In Bezug auf die Kaufverträge laut den drei Kontrakten des Vermittlers Eurobroker kann die Klägerin Schadensersatz wegen Nichterfüllung gemäß den jeweils vertraglich vereinbarten CDFEA-Bedingungen ("EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS") in Verbindung mit Section 2711 (1) (b) CCC verlangen.

Da die CDFEA-Bedingungen die hierzu entscheidenden wechselseitigen Rechte und Pflichten der Parteien nicht regeln, findet das "domestic law of the State of California, U.S.A." Anwendung (Nr. 28 Satz 2 CDFEA-Bedingungen in der Fassung vom 10.07.2003).

Die Klägerin war berechtigt, der Beklagten mit Schreiben vom 29.11.2004 eine Frist bis zum 20.12.2004 zur Abgabe einer schriftlichen Zusicherung ("assurance") zu bestimmen, dass die Beklagte die von Oktober 2004 bis März 2006 abzuwickelnden Kontrakte erfüllen wird. Die Beklagte hatte zu jenem Zeitpunkt die im Oktober 2004 abzuladenden 40 Tonnen Mandeln nicht verschifft und sich mit einer Regelung durch ein Schiedsgerichtsverfahren einverstanden erklärt. Ferner liefen die Kontrakte bei einem ständig steigenden Markt noch bis in das Jahr 2006 (März) hinein. Diese Umstände führten zu einer Unsicherheit der Klägerin hinsichtlich der Vertragserfüllung durch die Beklagte. Die Unsicherheit war aus kaufmännischer Sicht, wie dem Schiedsgericht aus eigener Sachkunde aufgrund der ihm angehörenden kaufmännischen Schiedsrichter bekannt ist, begründet (Section 2609 (2) CCC).



- 18 -

Da die Beklagte keinerlei Zusicherung abgegeben hat, liegt angesichts der gegebenen Umstände eine Erfüllungsverweigerung vor (Section 2609 (4) CCC: "repudiation of the contract").

Diese Erfüllungsverweigerung berechtigt die Klägerin, Schadensersatz zu verlangen (Section 2610 (b) in Verbindung mit Section 2711 (1) (b) CCC).

Als Schaden kann die Klägerin den Unterschied zwischen dem Kontraktpreis und dem Marktpreis ersetzt verlangen (Section 2713 (1) CCC).

Kosten der Zwangsvollstreckung kann die Klägerin hier mangels Rechtsgrundlage nicht erstattet verlangen.

2. In Bezug auf die Kaufverträge laut den 35 Bestätigungen des Vermittlers Redfern kann die Klägerin Schadensersatz wegen Nichterfüllung gemäß den jeweils vertraglich vereinbarten CDFEA-Bedingungen in Verbindung mit dem Übereinkommen der Vereinten Nationen über Verträge über den internationalen Warenkauf (CISG) von 1980 verlangen.

Die CDFEA-Bedingungen (Nr. 30) bestimmten in der Fassung vom 01.03.1989 - anders als diejenige vom 10.07.2003 -, dass die Durchführung eines Kaufs den Bestimmungen des CISG unterliegt.

a) Hinsichtlich der im Oktober 2004 abzuladenden zwei Container ist der Schadensersatzanspruch gemäß Art. 45 Abs. 1 Buchst b CISG begründet, weil die Beklagte ihre Lieferverpflichtung nicht erfüllt hat.

Zu ersetzen ist der Klägerin der ihr entstandene Verlust einschließlich des entgangenen Gewinns (Art. 74 CISG). Hierzu gehören auch erforderliche Kosten einer eventuellen Zwangsvollstreckung dieses Schiedsspruchs (vgl. Schlechtriem/Stoll, Art. 74 CISG, Rn 19).

b) Hinsichtlich der von November 2004 bis März 2006 abzuladenden Ware steht der Klägerin Schadensersatz gemäß Art. 72, 76 CISG zu, weil die Beklagte die von ihr mit Telefax vom 29.11.2004 unter Fristsetzung geforderte Zusicherung, die Verträge zu erfüllen, nicht abgegeben hat.

EXHIBIT I
PAGE 18 OF 22

.../19

Für die Klägerin waren Ende November Umstände offensichtlich im Sinne von Art. 72 Abs. 1 CISG, welche die künftige Vertragsverletzung der Beklagten bereits jetzt erwarten ließen. So hatte die Beklagte die Oktober-Abladungen unterlassen, das zeitliche Ende der November-Abladungen stand ohne entsprechende Verschiffungsanzeige kurz bevor und der Markt stieg ständig weiter, worauf die Klägerin mit Telefax vom 29.11.2004 (Anl. K 3) hinweisen ließ. Zudem ließ die Beklagte dann auch die ihr mit diesem Telefax eingeräumte Möglichkeit (vgl. Art. 72 Abs. 2 CISG), für die Erfüllung ihrer Pflichten ausreichende Gewähr zu geben, schweigend verstreichen.

Die Klägerin kann gemäß Art. 76 Abs. 1 CISG Schadensersatz in Höhe des Unterschieds zwischen Vertrags- und Marktpreis verlangen, da die Klägerin keinen Deckungskauf vorgenommen hat und Mandeln einen Marktpreis haben.

Außerdem steht der Klägerin gemäß Art. 76 Abs. 1 Satz 1 in Verbindung mit Art. 74 CISG auch insoweit ein Anspruch auf Ersatz erforderlicher Kosten einer eventuellen Zwangsvollstreckung dieses Schiedsspruchs zu.

3. Die Beklagte hat die von der Klägerin berechtigterweise vor dem Schiedsgericht des Waren -Vereins geltend gemachten Ansprüche der Höhe nach, wie die Klägerin sie im Schriftsatz vom 04.05.2005 unter Bezugnahme auf die Anl. K 5 näher dargelegt hat, nicht bestritten.

4. Die Klägerin hat Anspruch auf Verzinsung der ihr zuerkannten Schadensersatz- ansprüche. Zinsbeginn ist der Tag nach fruchtlosem Ablauf der der Beklagten berechtigterweise gesetzten Frist zur Abgabe der "assurance" (vgl. oben 1), also der 21. Dezember 2004; denn dies ist der Zeitpunkt endgültiger Leistungsverweigerung seitens der Beklagten.

Zur Zinshöhe ist folgendes auszuführen :

a) Für die durch den Makler Redfern vermittelten Kaufverträge gilt das CISG (vgl. oben 2). Art. 78 CISG regelt den Zinsanspruch nur dem Grunde nach, die Höhe ist offen gelassen worden . Der Meinungsstreit darüber, ob sich die Zinshöhe nach Gläubiger- oder Schuldnerstatut richtet ( vgl. hierzu OLG Frankfurt 5 U 261 / 90 vom 13.06.1991 m.N. - www.unilex.info ), kann hier offen bleiben. Denn über die



vertraglich in Bezug genommenen CDFEA - Bedingungen (Fassung 1989) gilt für alles, was das CISG nicht regelt, das Recht des Staates Kalifornien (Nr. 30 Satz 2).

Das Schiedsgericht orientiert sich hier an der Discount Rate der Federal Reserve Bank of San Francisco. Da diese die Zinsen für kreditnehmende Member Banks nennt, ist das Schiedsgericht der Meinung, dass für den außerbanklichen Kredit-verkehr ein Zuschlag zu machen ist; diesen bemisst es mit 2 Prozentpunkten.

b) In Bezug auf die durch den Makler Eurobroker vermittelten Verträge gelten die CDFEA terms (Fassung 2003). Sie verweisen in Nr. 28 auf das Recht des Staates Kalifornien (hier also CCC). Zur Höhe gilt das oben unter a) Gesagte.

III.

Die Entscheidung über die Schiedsgerichtskosten beruht auf den §§ 34, 35 der Schiedsgerichtsordnung (SchGO). Die Beklagte hat diese Kosten der Klägerin zu erstatten, soweit sie unterlegen ist ; im übrigen trägt die Klägerin diese Kosten selbst .

Der Antrag der Beklagten, die Klägerin zu verurteilen, ihr "gemäß den Verträgen" die Kosten ihres Prozessbevollmächtigten zu erstatten, ist schon deshalb zurückzuweisen, weil sie unterlegen ist (§ 35 Abs.2 SchGO). Im übrigen hat das Schiedsgericht den Erstattungsanspruch zuerkannt, weil die Klägerin die Beklagte wegen des Kontraktes Nr. 003869.000 ohne Erfolg vor das hiesige Schiedsgericht gezogen hat .


EXHIBIT I
PAGE 20 OF 22

IV.

Da der Wert, mit welchem die Beklagte durch diesen Schiedsspruch beschwert ist, € 50.000,00 übersteigt, ist die Berufung an das Oberschiedsgericht zulässig (§ 28 Abs. 1 SchGO). Es war daher eine angemessene Berufungsfrist festzusetzen (§ 23 Abs. 3 SchGO).

Die Berufung ist durch schriftliche, fernschriftliche, fernkopierte oder telegrafische Anzeige bei der Geschäftsstelle des Oberschiedsgerichts innerhalb dieser Frist einzulegen und muss den in § 29 Abs. 1 Satz 2 SchGO aufgeführten Erfordernissen entsprechen. Sie ist innerhalb von zwei Wochen nach Ablauf der gemäß § 30 SchGO bestimmten Frist zu begründen.

Erlassen: Hamburg, 25. April 2006

(Schiedsrichter)

(Schiedsrichter)

(Obmann)

EXHIBIT i
PAGE 21 OF 22

Hiermit beglaubige ich, die Assesorin

Ulrike G l ü c k – B r o s t
als amtlich bestellte Vertreterin des hamburgischen Notars
Dr. Til Bräutigam,
Bergstraße 11, 20095 Hamburg,

die vollständige Übereinstimmung der vorstehenden Abschrift mit der mir heute
vorliegenden Urschrift.


Hamburg, den 02. August 2006                    i.V. Dris Bräutigam:



                                        Glück-Brost, Notarvertreterin

EXHIBIT i
PAGE 22 OF 20

Exhibit "2"

# APS International, Ltd.

## CERTIFICATE OF TRANSLATION-AFFIDAVIT OF ACCURACY

State of _MONTANA_ )
                                      ) s.s.
County of _MISSOULA_ )

I, the undersigned, being duly sworn, depose and state:

I am qualified to translate from the German language into the English language by virtue of being thoroughly conversant and schooled in these languages.

I have carefully made the translation appearing on the attached page(s) and have read it after it was completed; and the said translation is an accurate, true and complete rendition into the English language from its original German text, and nothing has been added thereto or omitted therefrom, to the best of my knowledge and belief.

_____
Translator

Subscribed and sworn before me this
_20th_ day of _November_, 2006.

JODI HARRIS
NOTARY PUBLIC MONTANA
Residing at Missoula, MT
My Comm Expires May 31, 2008

EXHIBIT 2
PAGE _1_ OF _34_

Certified Copy

# SCHIEDSGERICHT
## DES WAREN-VEREINS DER HAMBURGER BÖRSE E.V.
## [ARBITRAL TRIBUNAL
## OF THE COMMERCIAL ASSOCIATION OF THE HAMBURG STOCK
## EXCHANGE, a Membership Corporation]

# ARBITRAL AWARD

Az. [File No.]: 31/04

In the matter of

the company AHCOM Ltd., duly represented by its owner, Adam Hacking, The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW, United Kingdom,

Attorneys of Record:  Rechtsanwälte [Attorneys-at-Law] Mielke, Streck & Albrecht, Kleine Johannisstrasse 20, 20457 Hamburg, Germany,

- Plaintiff –

vs.

the company Nuttery Farms, Inc., duly represented by its president, Hendrik Smeding, 800 Rossi Road, St. Helena Napa Valley, California 94575, USA,

Attorneys of Record:  Rechtsanwälte Graf von Westphalen, Bappert & Modest, Große Bleichen 21, 20354 Hamburg, Germany,

- Defendant -

the arbitral court, comprising

| | |
|---|---|
| 1.  Horst J. Pfau, of Horst Joachim Pfau, Herbert-Weichmann-Str. 19, 22085 Hamburg | arbitrator nominated by the Plaintiff, |
| 2.  Thomas Haas-Rickertsen, of Pisani & Rickertsen, Meßberg 1, 20095 Hamburg, | arbitrator for the defendant, nominated by the Director of the Waren-Vereins der Hamburger Börse, e.V., |
| 3.  Harald Ficus Vorsitzender Richter am [Presiding Judge at] Hanseatischen Oberlandesgericht a.D.  [ret.] | elected as an umpire by arbitrators 1. and 2., |

finds
pursuant to § 7 of Schiedsgerichtsordnung [Rules of Arbitration] in consultation with Rechtsanwalt Dr. Klaus Hanebluth, Große Bäckerstraße 4, 20095 Hamburg, based on the oral proceedings on December 14, 2005 and based on the written proceedings concluded with the plaintiff's subsequent brief dated February 8, 2006:

.../2

EXHIBIT 2
PAGE 2 OF 34

-2-

1.  The defendant is ordered to pay to plaintiff US $ 1,428,000.00 plus interest of two percentage points above the respective discount rate of the Federal Reserve Bank of San Francisco per year as of December 21, 2004.

2.  The subsequent request for arbitration is dismissed.

3.  It is found that defendant is obligated to reimburse plaintiff for the execution costs of this arbitral award as long as it pertains to the damage claims arising from the 35 Redfern confirmations.

    The subsequent claim is rejected.

4.  The arbitral tribunal costs set herewith at € 35.639.09 shall be borne by plaintiff at a share of 3.5% and by the defendant at a share of 96.5%.

    Defendant is ordered to reimburse plaintiff for € 35.391.72 for arbitral tribunal costs.

5.  Plaintiff is ordered to reimburse defendant with 3.5% of the fees of its attorney of record.

    The subsequent claim is rejected.

6.  The time allowed for appeal is set for one month and commences at the end of the day when the defendant is served this arbitral award.

### Factual Background

Plaintiff demands damage payments from defendant for non-fulfillment of several contracts.

Plaintiff contends that it purchased from defendant in the period from March 3 through November 6, 2004 the quantity of 1.052.35 tons of Californian pealed almonds of a certain type and quality from the 2004 harvest according to

1.  Confirmation ("confirmation") by the brokerage S.J. Redfern Ltd (hereinafter: "Redfern"), (exhibit compilation K2):
    a)  dated March 3, 2004, no. A 040303-1 through 10:
        1 container with 20 t (total: 120 t) for shipment
        2 containers each per month from October through December 2004

....../3



EXHIBIT 2
PAGE 3 OF 34

-3-

and at a price of US-$ 432.00;

b)       dated September 16, 2004, no. A 040916-3 through 7:
         1 container with 20 t (total: 100 t) for shipment
         1 container each per month from November 2004 through March
         2005 and at a price of US-$ 543.00;

c)       dated August 4, 2004, no. A 040842-2 through 7:
         1 container with 20 t (total: 120 t) for shipment
         1 container each per month from January through June 2005 and at
         a price of US-$ 443.00;

d)       dated August 6, 2004, no. A 040806-4 through 9:
         1 container with 20 t (total: 120 t) for shipment
         1 container each per month from January through June 2005 and at
         a price of US-$ 457.00;

e)       dated September 9, 2004, no. A 040909-13 through 18 (No.  15-17
         exhibit compilation K 8):
         1 container with 20 t (total: 120 t) for shipment
         1 container each per month from January through June 2005 and at
         a price of US-$ 535.00;

f)       dated September 9, 2004, no. A 040909- 31 through 36:
         1 container with 20 t (total: 120 t) for shipment
         1 container each per month from October 2005 through March
         2006 and at a price of US-$ 505.00;

2.       Contracts ("contract") by the brokerage Eurobroker S.A. ("Eurobroker"
         hereinafter) (exhibit compilation K 2):
                 Dated August 11, 2004 no. 40807-2 through 4:
                 1 container with 20 t (total: 60 t) for shipment
                 1 container each per month from April through June 2005 and at a
                 price of US-$ 478.00.

All confirmations and contracts stipulated the following as the pricing parity: 220 lbs

FAS Californian harbor.  The clause "Special Remarks" states in the confirmations of

item 1, among others:

         AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
         KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
         EXPORT ASSOCIATION EFFECTIVE MARCH 1989. –
         ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN-
         VEREIN – INTERNATIONAL PARTICIPATION PERMITTED – SHALL BE



EXHIBIT 2
PAGE 4 OF 34

COMPETENT FOR THE FINAL SETTLEMENT OF ALL AND ANY
DISPUTE ARISING THEREFROM.

and the clause "General Conditions" in the contracts to item 2 states, among others:

As per Export Contract for Dried Fruit, Tree Nuts and Kindred Products, adopted
by the California Dried Fruit Export Association effective July 10, 2003 –
Arbitration in accordance with the Arbitration Rules of the Waren-Verein der
Hamburger Börse e.V. whose arbitrators –

                                                                    .../4


EXHIBIT 2
PAGE 5 OF 34

-4-

> international participation permitted – shall be competent for final settlement of all and any dispute arising herefrom.

The three contracts of the broker Euroboker stated in conclusion:

> Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute an acceptance of the above terms and conditions.

As to qualities and types of the goods, reference is made to the confirmations and contracts.

Plaintiff further states that the broker Redfern sent its confirmations to defendant as shown in the fax protocols (exhibit compilation K 8). Defendant received the three contracts by the broker Eurobroker by e-mail as reflected in the receipt confirmation on November 8, 2004 (enclosure to the broker's short letter, received at the arbitral court office on January 26, 2005).

In addition, plaintiff issued its corresponding 7 purchase contracts ("purchase contract") (exhibit compilation K 1), summarizing the monthly shipments under the respective contract and referencing the numbers of the individual confirmations or contracts, respectively, by the two brokers:

> To item 1a): contract no. 003463.000 dated March 3, 2004
> To item 1b): contract no. 003778.000 dated September 17, 2004
> To item 1c): contract no. 003684.000 dated August 5, 2004
> To item 1c): contract no. 003697.000 dated August 9, 2004
> To item 1e): contract no. 003755.000 dated September 10, 2004
> To item 1f): contract no. 003756.000 dated September 10, 2004
> To item 2: contract no. 003708.000 dated August 11, 2004

In addition, plaintiff issued its purchase contract ("purchase contract") no. 003869.00 dated November 8, 2004 on the shipment of 40 tons in 1 container in May and June 2005 each at a price of US $ 600.00 (exhibit compilation K1 to the plaintiff's brief dated May 4, 2005) that was executed without a broker. This purchase contract was sent to defendant in accordance to the fax report (exhibit compilation K1 to the plaintiff's brief of May 4, 2005).



EXHIBIT 2
PAGE 6 OF 34

Plaintiff's 8 purchase contracts contain the following clause ("conditions of sale") pertaining the purchase contracts to items 1 and 2:

.../5

EXHIBIT 2
PAGE __7__ OF _34_

-5-

> All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser.

and with respect to the purchase contract dated November 8, 2004:

> All other terms and conditions as per USDA/DFA terms and conditions, including arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser.

Undisputedly, the three contracts by the broker Eurobroker presented by plaintiff are signed only in the column provided for the purchaser, while the column "EUROBROKER S.A." is not filled out, and the 35 confirmations by the broker Redfern show only a signature by the broker (with signature columns for purchaser or seller, respectively, not provided). Seven of the eight purchase contracts of plaintiff have a signature in the column provided neither for defendant nor plaintiff; the purchase contract of November 8, 2994 is signed by plaintiff.

The confirmations by the broker Redfern on item 1.b) included already a destination (Riga). Plaintiff provided this broker with the destinations (exhibit compilation K 10) to confirmation of item 1.a) for the month of October 2004 with telefax of September 2, 2004, for November 2004 with telefax of October 6, 2004 and for December 2002 with telefax of October 29, 2004. The broker forwarded each of these destinations on the same day to defendant (exhibit compilation K 11).

With telefax of November 23, 2004 (exhibit compilation K 4 with fax report) plaintiff, without success, gave defendant a deadline of three business days for providing the shipment announcement for two containers to be shipped in October 2004 in accordance with the confirmation by broker Redfern no. A 043035.

On November 26, 2004 (a Friday), plaintiff informed defendant by email with reference to almonds (enclosure to plaintiff's brief of January 18, 2003):


EXHIBIT 2
PAGE 8 OF 34

we have passed the debits on the OCT – DEC almonds contracts to your account
basis 590 on the STDS and 630 on the 27/30's – the paperwork will follow.

In order to formalise the discussion we have instructed our attorney to forward
you a demand for assurances relating to our

.../6

EXHIBIT 2
PAGE __9__ OF __34__

-6-

outstanding contracts, I hope you can give us some form of concrete proposal within the 30 day time limit.

Defendant responded on November 29, 2004 (a Monday) by email (enclosure to plaintiff's brief of January 18, 2005, page 8 of enclosure):

> ANY DISPUTE WE MAY HAVE REGARDING THE OCTOBER SHIPMENTS OF THE ALMONDS CAN BE SETTLED AS YOU HAVE ALREADY INDICATED WITH ARBITRATION.

Then, plaintiff had attorneys demand with a letter dated November 29, 2006 (exhibit K3) in accordance with section 2609, California Commercial Code (CCC) and as to the contracts to be fulfilled from October 2004 through March 2006 and with reference to the 120 tons almonds not shipped since October that defendant give a written assurance ("assurance") before December 20, 2004 that defendant would properly fulfill the contracts. In the event that defendant failed to provide said assurance, plaintiff would have to purchase the goods elsewhere in order to fulfill its own obligations; the damage currently amounts to US $ 815,000.00 and will probably increase. In addition, plaintiff can pursue all legal remedies to maintain the profits of its business with defendant. Defendant did not react.

Plaintiff further states that defendant did not ship because it would have otherwise lost money. In a meeting on Monday before November 26, 2004, defendant explained to plaintiff that it would deliver those goods with which it earns money; where it looses money, plaintiff should perform an arbitral procedure. Defendant's email of November 29, 2004 refers to this fact.

Defendant authorized both brokers – not only in the relationship with plaintiff but also with other companies – to execute business contracts, to include the arbitration clause with the exclusive appointment of the arbitral tribunal of the Waren-Verein in these contracts and to execute the contract confirmations.



EXHIBIT 2
PAGE 10 OF 34

Defendant did not sign and return to the broker or to plaintiff even without a signature any of the contracts or confirmations sent to her by the two brokers within the framework of business relationships extending over several years.  It did not take exception to the contents in any instance nor did it insist not to be bound by the contract.  In those cases when then contract results proved advantageous to it

.../7

EXHIBIT 2
PAGE __11__ OF __34__

-7-

it insisted on fulfilling the contracts despite the absence of its written confirmation and return.

Also, the purchase contract of November 8, 2004 issued by plaintiff was realized including the arbitration agreement lacking the defendant's objection pursuant to section 2201 CCC (Evidence: expert opinion by attorney James E. Ganzer on April 22, 2005, exhibit compilation K 9).

On the basis of information issued by the broker R.S. Tinsley (Liverpool) Ltd. on December 9, 2004 (exhibit compilation K 6) about prices for the individual shipment months and almond types, plaintiff presents the following excerpted damage overview (exhibit compilation K 5) ending with a total damage of $ 1,484,800,00 as the difference between the respective contract and the market price:

...  /8

EXHIBIT 2
PAGE 12 OF 34

-8-

-9-

//pages in English//

.../10

EXHIBIT 2
PAGE _13_ OF _34_

-10-

Plaintiff demands interest in the same amount as for an unsecured claim.

In addition, plaintiff requests a decision on the arbitral award enforcement costs because California courts would not award such costs without this claim.

Plaintiff requests

> that defendant be ordered to pay to plaintiff
> $ 1,484,800.00 plus arbitration costs, reasonable
> interest and enforcement costs.

Defendant requests

1. that the complaint be rejected as inadmissible or, in the alternative, as unfounded;

2. that plaintiff be ordered to reimburse defendant for the costs of its attorney of record pursuant to the contacts.

Defendant reproofs the arbitral tribunal's lack of jurisdiction and refutes the formal validity of the arbitration agreements because the confirmations (broker Redfern) and the contracts (broker Eurobroker) show only one signature for the broker or in the column "purchaser," respectively.

In the alternative, defendant disputes that the contact were executed in a legally effective manner because California law requires that contracts for the purchase and delivery of commercial goods with a value in excess of $ 500.00 must be in writing. Although (contract) negotiations between the broker and both parties had taken place, they led in no instance to an agreement of the parties. For this reason, defendant did not sign the purchase contracts (exhibit compilation K 1) sent to it by plaintiff.

Defendant refutes ever to have given the brokers Redfern and Eurobroker who conducted the negotiations exclusively any power of attorney for contract executions including arbitral agreement. Defendant's negotiations with the brokers never pertained to an arbitration clause nor to the Schiedsgericht des Waren-Vereins.


EXHIBIT 2
PAGE 14 OF 34

.../11

-11-

Pursuant to U.S. and especially to California law, such powers of attorney must be fully in writing and bear the defendant's signature.

When the parties reached an agreement via the broker, the broker always sent defendant a written confirmation as well as an additional written contract. Defendant then signed the contract and returned it to the broker. Defendant always believed that the contract was final only upon both parties' signatures.

With respect to the contracts relevant for this dispute, both brokers only sent their confirmations (exhibit compilation K 2) to defendant. In addition, the brokers sent to defendant the plaintiff's purchase contracts (exhibit K 1) that were not even signed by plaintiff itself.

Also, defendant argues (on the basis of the business conditions of the Waren-Verein der Hamburger Börse e.V. = Waren-Vereins-Bedingungen = WVB) that upon filing the claim (December 2004) the delivery times beginning in December 2004 had not yet passed nor had defendant refused to fulfill the contract. Consequently, plaintiff was not yet entitled to give defendant a deadline for performance pursuant to §17 par. 2 or §18 WVB, respectively.

Evidence was provided about plaintiff's assertions,
a)     that the confirmations pursuant exhibit K2 were sent in each instance after the respective brokers' negotiations with the parties,
b)     that the arbitral tribunal clauses contained therein were inserted by virtue of the parties' powers of attorney
by questioning the witnesses Steve Redfern and Michael Becker.


EXHIBIT 2
PAGE 15 OF 34

Witness Becker stated that he had been in contact with Mr. Smeding since 1999.  At that time, Europeans started to include the newly formulated arbitral clause of the Waren-Verein in acceptances.  He openly discussed this clause with each partner.  Mr. Smeding was very much for including the arbitral clause of the Waren-Verein in the contrast as to be able to pursue possible disputes in Europe in a European arbitration court.  Upon Mr. Schmedig's request, the witness sent him the English version of the Waren-Vereins-Bedingungen.

...../12

EXHIBIT 2
PAGE 16 OF 34

-12-

Since 2000, witness has executed contracts for defendant under these conditions; alone for the year 2004, there may have been 120 to 140 contracts with different contract partners.  Mr. Smeding honored all these contracts until he stated in a telephone conversation in October/November 2005 that witness must inform people (i.e., the contract partners) that the goods for the October/November/December contracts cannot be delivered because he had not received shipments from his suppliers.  With respect to later contracts, Mr. Smeding declared that notices forwarded to the receivers still had time.  Only those three contracts had been fulfilled where defendant was the purchaser.

Negotiations between the witness and Mr. Smeding were always only on the telephone. This was also the case with the three contracts relevant for this dispute, as is shown in the witness' broker notes.  Mr. Smeding offered the shipment.  Plaintiff issued the bid.  Mr. Smeding accepted it.  After that, the witness sent Mr. Smeding an email (about the contract execution).  Mr. Smeding received it as is shown in the sending and receiving confirmations (presented at the interrogation).

The witness' contracts under exhibit compilation K 2 are email copies.  There are also printed versions that were signed and sent to the parties by Eurobroker, as for example, contract 408074 (exhibit Z 1).

Mr. Smeding has never signed a single contract nor returned it with a signature.

The formulation "Please sign and return" with which the witness sent the contracts as attachments by email to defendant is a standard clause; in the witness' opinion, this command belongs to it.  It is directed to both partners.

The witness Redfern stated that he began his business relationship with both parties in 2002.  Since then, he has – besides the contacts relevant to this dispute – processed a total of 77 purchases or sales, respectively, of defendant with different contract partners.  All these 77 contracts have been fulfilled without any problems.


EXHIBIT 2
PAGE 17 OF 34

All (purchasers, sellers, brokers) know the "terms and conditions" (referring to "General Conditions").  He also uses this clause since its inclusion in contracts

.../13

EXHIBIT 2
PAGE 18 OF 34

-13-

since approximately the spring of 1998. He generally includes this clause in contracts without the need of discussing it in individual cases.

He forwarded a sample contract to Mr. Smeding at the beginning of the business relationship with the request that he should read it and respond if he agreed with its contents. Mr. Smeding did not raise any objections.

The witness described the telephone contract negotiations in the same manner as witness Becker did earlier. He additionally stated that he sends the respective confirmation by telefax on the same day of the business transaction to buyers and sellers. After that, copies are sent by mail. He does not request return copies countersigned by the parties; in his mind, the contract was executed with his signature. This is the first time in 27 years that doubts are cast on the validity of his contracts because of absent signatures.

He never received countersigned contract copies – for purchases as well as for sales -- from defendant. Defendant always accepted the clauses in the contracts.

Reference is made to the Protokoll zur Sitzungsniederschrift [hearing minutes] of December 14, 2005 for further interrogation details.

Additional reference is made to the Sitzungsniederschriften of February 21 and December 14, 2005 as well as the supporting files of the Waren-Verein about the appointment of the arbitrator Haas-Rickertsen.

Beyond the € 191.40 (including € 26.40 turnover tax) that had been charged for the appointment of the arbitrator Haas-Rickertsen, plaintiff has remitted to the Waren-Verein der Hamburger Börse e.V. an arbitral court advance payment of € 35.447.69 (including turnover tax in the amount of € 4,889.34).

,,,,/14



EXHIBIT 2
PAGE 19 OF 34

-14-

## Grounds for the Decision

I.

The proceedings are admissible with the exception of one single contract. The reproof of absent jurisdiction is proper only in this one regard. The arbitral tribunal of the Waren-Verein der Hamburger Börse e.V. is otherwise competent for the adjudication of the parties' legal dispute. Plaintiff has shown and convinced the arbitral tribunal that effective arbitration agreements exist.

1.      The effectiveness of the arbitration agreement in the confirmations and contracts of both brokers is to be judged pursuant to German procedural law. The parties have made an agreement in the meaning of § 1043 par. 1 item 1 Zivilprozessordnung (ZPO) [Rules of Civil Procedure] about the location of the arbitral procedure by including the Schiedsgericht des Waren-Vereins or the rules of its arbitral court in all confirmations issued by the broker Redfern as well as in the contracts issued by the broker Eurobroker. § 2 of these rules of the arbitral court determines that the arbitral court has its seat in Hamburg, i.e., in Germany. If the location of the arbitral procedure is in Germany, §§ 1025ff ZPO apply pursuant to § 1025 par. 1 ZPO.

The arbitral court is completely convinced after hearing the evidence that the two brokers consummated the dispute relevant seven business transactions and the respective contracts and that they also received the request by the parties – here especially by the defendant – to include the arbitral clause in said manner.

Both witnesses testified that they – beyond the business negotiations conceded by Defendant – reached the parties' agreement about contract executions. In addition, they testified concurrently that Defendant or its legal representative Mr. Smeding, respectively, never returned a copy of the contracts – as requested by witness Becker at the end of his contracts – or confirmations, respectively; nevertheless, defendant has fulfilled the contracts brokered since 2000 or 2002,


EXHIBIT 2
PAGE 20 OF 34

respectively, up to the date when the dispute relevant purchase contracts were to be fulfilled.  Finally, witness Becker explained that he discussed the arbitration clause approximately in 1999 with defendant (Mr. Smeding) when it became common in its current format

.../15

EXHIBIT 2
PAGE 21 OF 34

-15-

and he favored the inclusion of the clause in the contracts. Similarly, witness Redfern stated that he had sent a contract at the beginning of the business relationship to Mr. Smeding requesting that he read it, and Mr. Smeding did not raise any objections.

These testimonies are believable because they are largely identical. The witnesses are independent of each other and are co-competitors in different countries (witness Becker in France, witness Redfern in the U.K.) and active in the international market.

The witness' statements are verified additionally by the fact that defendant referred plaintiff point blank to arbitration when it failed to make the October 2004 delivery (email of Nov. 29, 2004, exhibit page 2). The contract for the delivery to take place in October had been brokered by Redfern on March 3, 2004 (exhibit compilation K 1 to the brief dated May 4, 2005); plaintiff's purchase contract is dated on the same day.

2.   Pursuant to § 1031 par. 1 alternative 1 ZPO, an arbitration agreement must be contained in a document signed by the parties. This is the case already with the signatures on the confirmations or contracts, respectively, by the respective broker.

Both brokers were also authorized by the parties to include the arbitration clause in the confirmations or contracts, respectively, as indicated above. This authorization could be provided by phone or orally (§ 167 par. 2 Bürgerliches Gesetzbuch (BGB) [Civil Code]; see also Zöller-Geimer, ZPO, 24. Auflage [24[th] edition], 2004, § 1031, margin note 13). With the respective signature of the two witnesses under the confirmations or contracts, respectively, a written arbitration agreement exists (see Schlosser, Das Recht der internationalen privaten Schiedsgerichtsbarkeit [International Private Arbitration Law], 2. Aufl., 1989,


EXHIBIT 2
PAGE 22 OF 34

margin note 373; Schwab-Walter, Schiedsgerichtsbarkeit, 7. Aufl., 2005, chapter 6 margin note 2.).

The two previous paragraphs apply equally to the (clearer formulated) Eurobroker contracts as well as for the Redfern confirmations.  The latter clarify with the word choice "Arbitration in Accordance with the rules of Waren-Verein..." that the  Waren-Verein arbitral court was meant – this had been known, incidentally and for a long time, to Defendant

..../16

EXHIBIT 2
PAGE 23 OF 34

-16-

as confirmed by the convincing testimony by the witnesses.

3.      German law comprises also the treaties concluded by the Federal Republic of
        Germany with other nations.

        For this reason, the parties' legal relationship is governed by the U.N.
        Convention on the Recognition and Enforcement of International Arbitral Awards
        of June 10, 1958 (UN-ÜbkSchG).  The Federal Republic of Germany and the
        U.S.A. acceded to this convention (see Baumbach-Albers, ZPO, 64. Aufl., 2006,
        introduction V margin note 15, 23).

        The convention is directly applicable to the recognition and enforcement of
        arbitral awards issued in foreign nations and thus addresses the exequatur judge in
        a foreign country in German arbitral awards.

        The formal prerequisites of art. II par. 1 and 2 UN-ÜBkSchG as the basis for
        recognition and enforcement are met.  Art. II par. 1 of the convention states that
        each signatory nation recognizes a written agreement obligating the parties to
        submit to an arbitrational proceeding all or individual disputes having arisen
        between them from a specific legal relationship.  Pursuant to art. II, par. 2, a
        "written agreement" is to be interpreted as an arbitration clause, provided the
        contract is signed by the parties.  The latter has occurred based on the two
        brokers' powers of attorney, as detailed above.

        The telephone/oral conveyance of the power of attorney suffices, because § 167
        par. 2 BGB is applicable as a collision standard (see more in Schwab-Walter, op.
        cit., chapter 44, margin note 19).

4.      With respect to the purchase contract no. 003869.000 issued by plaintiff and dated
        November 8, 2004, the proceedings are **not** admissible.  Here, no effective



EXHIBIT 2
PAGE 24 OF 34

arbitration agreement with jurisdiction of the Schiedsgericht des Waren-Vereins is extant.

This contract was not made with the aid of one of the two brokers.  In the arbitration court's opinion, the power of attorney for contract executions conveyed by the parties is not applicable here.  In the meaning of the prerequisites pursuant to the UN convention discussed under 3, a written arbitration agreement is

.../17

EXHIBIT 2
PAGE 25 OF 34

-17-

absent here because the contract was signed by plaintiff alone.

In addition: The arbitration clause provided in the contract is that of the USAD / DFA terms and conditions; the Schiedsgericht des Waren-Vereins is not even intimated. Pursuant to no. 29 of the "USDA DFA Terms and Conditions," the Schiedsgericht des Waren-Vereins could only apply if the CDFEA left it to the parties' discretion under certain additional prerequisites to submit to the Schiedsgericht des Waren-Vereins. This is not set forth.

II.

The Complaint is far predominantly justified.

1.     In reference to the purchase agreements in the three contracts by the broker Eurobroker, plaintiff can be demand damages because of non-fulfillment of each of the contractually agreed CDFEA conditions ("EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS") in conjunction with section 2711 (1) (v) CCC.

Because the CDFEA conditions do not regulate the mutual rights and duties of the parties that are here decisive, the "domestic law of the State of California, U.S.A." applies (no. 28, sentence 2 CDFEA conditions in the version of July 10, 2003).

Plaintiff was justified to give Defendant with the letter of November 29, 2004 a deadline until December 20, 2004 for submitting a written assurance that defendant will fulfill the contracts to be realized from October 2004 to March 2006. Defendant had not shipped at that date the 40 tons to almonds to be delivered in October 2004 and had agreed to a regulation by an arbitration proceeding. Also, the contracts had a term in a constantly increasing market extending into the year 2006 (March). These circumstances led to plaintiff's uncertainty about the defendant's contract fulfillment. Said uncertainty was well founded from the business point of view, as is known to the arbitral tribunal from



EXHIBIT 2
PAGE 26 OF 34

its own experience on the basis of its member merchant arbitrator (section 2609 (2) CCC).

.../ 18

EXHIBIT 2
PAGE 27 OF 34

-18-

Because defendant did not issue an assurance, a repudiation of the contract (section 2609 (4) CCC) is at issue under the given circumstances.

This repudiation of contract entitles plaintiff to demand damages (section 2610 (b) in conjunction with section 2711 (1) (b) CCC).

Plaintiff can demand as damages the disbursement of the difference between the contract price and the market price (section 2713 (1) CCC).

Plaintiff cannot demand the enforcement costs here because of the absence of a statutory basis.

2.    With respect to the purchase contracts pursuant to the 35 confirmations by broker Redfern, plaintiff can demand damages because of non-fulfillment pursuant to the contractually agreed CDFEA conditions in conjunction with the U.N. Convention Relating to a Uniform Law on International Sale of Goods (CISG) of 1980.

The CDFEA conditions (no. 30) determine in the version of March 1, 1989 – differing from those of July 10, 2003 – that the performance of a purchase is subject to the conditions of CISG.

a)    In reference to the two container to be delivered in October 2004, the damage claim pursuant to art. 45, par. 1, letter b CISG is justified because defendant did not fulfill its delivery obligations.

The plaintiff's loss including lost profits (art. 74 CISG) shall be compensated. This comprises also the necessary costs of a possible enforcement of this arbitral award (see Schlechtriem/Stoll, art. 74 CISG, margin note 19.).


EXHIBIT 2
PAGE 28 OF 34

b)      With reference of the goods to be delivered from November 2004 through March 2006, plaintiff is entitled to damages pursuant to art.  72, 76 CISG because defendant did not give the assurance of contract fulfillment demanded with a deadline in the telefax of November 29, 2004.

                                                          …/19

EXHIBIT 2
PAGE 29 OF 34

-19-

By the end of November, the circumstances in the meaning of art. 72 par. 1 CISG were obvious to plaintiff who could at that time expect a future breach of contract by defendant.  Defendant had omitted the October delivery, the deadline for the November delivery was imminent without the corresponding shipping announcement and the market was steadily climbing, as plaintiff noted in the telefax of November 29, 2004 (exhibit K 3).  Also, defendant let wordlessly pass the possibility offered in said telefax (see art. 72, par. 2 CISG) to provide an adequate assurance as to the fulfillment of its obligations.

Plaintiff can demand damages pursuant art. 76, par. 1 CISG in the amount of the difference between contract and the market price, because plaintiff did not perform a covering purchase and because almonds have a marker price.

In addition, plaintiff is entitled pursuant to art. 76, par. 1, sentence 1 in conjunction with art. 74 CISG to a claim for reimbursement of the necessary costs of a possible enforcement of this arbitral award.

3.   Defendant has not disputed the claims rightfully asserted by plaintiff before the Schiedsgericht des Waren-Vereins as to their amounts, as plaintiff stated in detail in the brief of May 4, 2005 with reference to exhibit K 5.

4.   Plaintiff is entitled to interest on the awarded damages.  Interest shall begin accruing on the day after the fruitless expiration of the deadline rightfully imposed on defendant for issuing an assurance (see 1 above), namely December 21, 2004; this is the point in time of the final repudiation of contract by defendant.

The following is ordered about the interest amount:



EXHIBIT 2
PAGE 30 OF 34

a)   CISG applies to the purchase contracts brokered by the broker Redfern (see 2 above).  Art. 78 CISG regulates the interest claim only for its reasons, but the amount is open.  The difference of opinion if the interest amount is determined by the creditor or debtor statute (see Oberlandesgericht [Higher Regional Court] Frankfurt 5 U 261 / 90 of June 143, 1991 – www.unilex.info) can remain open here.  Beyond

...../20

EXHIBIT 2
PAGE 31 OF 34

20

the contractually referenced CDFEA conditions (version 1989), the law of the
State of California (no. 30, sentence 2) applies to everything that is not regulated
by CISG.

The arbitration court bases its decision on the Discount Rate of the Federal
Reserve Bank of San Francisco. Since it sets the interest for credit assuming
member banks, the arbitration court has the opinion that an additional charge
should apply to extra-bank credits; this is set at 2 percentage points.

b)      The CDFEA terms (2003 version) apply to the contracts brokered by Eurobroker.
        The terms refer in no. 28 to the laws of the State of California (therefore, here the
        CCC). The statement on the interest amount under a) shall apply.

III.

The decision on the arbitration court costs is based on §§ 34, 35 of the
Schiedsgerichtsordnung (SchGO). Defendant shall reimburse plaintiff for these costs if it
is the loser; otherwise, plaintiff shall bear these costs itself.

Defendant's request to order plaintiff to reimburse it "pursuant to the contracts" for the
costs of its attorney of record must be dismissed because defendant is the loser (§ 35 par.
2 SchGO). Otherwise, the arbitration court awards the reimbursement claim since
plaintiff has brought defendant without success to the local arbitration court because of
contract no. 003859.00.

....../21


EXHIBIT 2
PAGE 32 OF 34

-21-

IV.

Because the amount defendant has to pay under this arbitral award exceeds € 50,000.00, an appeal at the Oberschiedsgericht [Higher Arbitration Court] is admissible (§ 28 par. 1 SchGO). Therefore, an appropriate time for filing an appeal had to be set (§ 23 par. 3 SchGO).

Appeals have to be filed by written, telefaxed, telecopied or telegraphic notice addressed to the Geschäftsstelle des Oberschiedsgerichts [Office of the Higher Arbitration Court] within this time period and must comply with the requirements listed in § 29 par. 1 sentence 2 SchGO. Appeals must be substantiated within two weeks after the termination of the time period set pursuant to § 30 SchGO.

So ordered: Hamburg, April 25, 2006

*Signature*
(Arbitrator)

*Signature*
(Arbitrator)

*Signature*
(Umpire)

EXHIBIT 2
PAGE 33 OF 34

I, the Assessorin [civil servant]

**Ulrike Glück-Brost**
**as an officially appointed representative of the Hamburg Notary**
**Dr. Til Bräutigam,**
**Bergstraße 11, 20095 Hamburg**

hereby certify the complete congruence of the above copy with the original presented to me today.

Hamburg, August 2, 2006                              on commission for Dris Bräutigam

                                                                    *//Signature//*
                                                            Glück-Brost, Notarvertreterin
                                                                    [Notary Deputy]

//seal//

475200

                                                                                    .../2

EXHIBIT 2
PAGE 34 OF 34

Exhibit "3"



**AHC⊙M**
LTD

Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

*Anlagen konvolut*

*K1*

3rd March 2004

## PURCHASE CONTRACT No. 003463.000
### SUPPLIERS REFERENCE:

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

| | |
|---|---|
| COMMODITY: | Californian Shelled Almonds, Blanchable Varieties. Standard sheller run, sized/unsized,at sellers option. Maximum 5 percent serious damage. 2004 cropyear |
| QUANTITY: | About 120 (one hundred and twenty) Tons. Packed in 120 x Bins in 6 x 40 ft containers. |
| PRICE: | 432.00 (four hundred and thirty two) U.S. Dollars per 220lbs . |
| TERMS: | Free Alongside |
| PERIOD: | Shipment : October 2004 to December 2004 |
| SHIPMENT FROM: | Californian Port/Railhead   DESTINATION:   FINAL PORT(S) TO BE ADVISED. |
| FREIGHT: | For buyer's account |
| INSURANCE: | To be arranged by buyer |
| PAYMENT: | Nett cash against documents on presentation. |
| WEIGHT: | Nett Shipped weights |
| CONDITIONS OF SALE: | All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein abritration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement.  In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser. |

ADDITIONAL CLAUSES: 2 FCLS PER MONTH
BROKER:                       S.J. Redfern Your Reference: A0403036/7/8/9/10
COMMISSION:

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.

Yours faithfully,                                          Signed for and on behalf of:-

Ahcom Ltd                                                  Nuttery Farms, Inc.

## EXHIBIT 3
PAGE _1_ OF _49_

The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW  t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net  w: www.ahcom.net

Registered No. 3335692 in England. VAT No. GB 691 0582 29

**S.J. Redfern Ltd.**

E D I B L E N U T B R O K E R

DEAR SIR,

3 RD MARCH 2004

CONFIRMATION :   A 0403035

SELLER:   NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

BUYER:   AHCOM LTD. THE CODA CENTRE, UNIT 20 C, 189 MUNSTER ROAD, LONDON, SW6 6AW.

COMMODITY:   CALIFORNIAN SHELLED ALMONDS.

QUALITY:   2004 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS BLANCHABLE VARIETIES.

QUANTITY:   1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:   BINS ON PALLETS.

FROM:   ORIGIN.

DESTINATION:   TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:   OCTOBER 2004

PRICE:   USD 432.00 PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:   NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS   1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) WASHOUT AGAINST AHCOM 014951

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

EXHIBIT 3
PAGE 2 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail: steve@sjredfern.co.uk
steve.redfern@btconnect.com

*Redfern Ltd.*

E    I B L E N U T B R O K E R

DEAR SIR,

3 RD MARCH 2004

CONFIRMATION :    A 0403036

SELLER:    NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

BUYER:    AHCOM LTD. THE CODA CENTRE, UNIT 20 C, 189 MUNSTER ROAD, LONDON, SW6 6AW.

COMMODITY:    CALIFORNIAN SHELLED ALMONDS.

QUALITY:    2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS BLANCHABLE VARIETIES.

QUANTITY:    1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:    BINS ON PALLETS.

FROM:    ORIGIN.

DESTINATION:    TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:    OCTOBER 2004

PRICE:    USD 432.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:    NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS    1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) WASHOUT AGAINST AHCOM 014951

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

EXHIBIT 3

PAGE 3 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456 781
*E-mail:* steve@sjredfern.co.uk
steve.redfern@btconnect.com

S. J. Redfern Ltd.

EDIBLE NUT BROKER

DEAR SIR,

3 RD MARCH 2004

**CONFIRMATION :**     A 0403037

**SELLER:**     NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
CALIFORNIA, USA.

**BUYER:**     AHCOM LTD. THE CODA CENTRE, UNIT 20 C, 189 MUNSTER ROAD,
LONDON, SW6 6AW.

**COMMODITY:**     CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**     2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
BLANCHABLE VARIETIES.

**QUANTITY:**     1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**     BINS ON PALLETS.

**FROM:**     ORIGIN.

**DESTINATION:**     TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**     NOVEMBER  2004

**PRICE:**     USD 432.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**     NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**     1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) WASHOUT AGAINST AHCOM 014951

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

EXHIBIT 3

PAGE : 4  OF  49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail: steve@sjredfern.co.uk
steve.redfern@btconnect.com

**C . J REDfern Ltd.**

E D I B L E   N U T   B R O K E R

DEAR SIR,

3 RD MARCH 2004

CONFIRMATION :      A 0403038

SELLER:      NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

BUYER:      AHCOM LTD. THE CODA CENTRE, UNIT 20 C, 189 MUNSTER ROAD, LONDON, SW6 6AW.

COMMODITY:      CALIFORNIAN SHELLED ALMONDS.

QUALITY:      2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS BLANCHABLE VARIETIES.

QUANTITY:      1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:      BINS ON PALLETS.

FROM:      ORIGIN.

DESTINATION:      TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:      NOVEMBER  2004

PRICE:      USD 432.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:      NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS      1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) WASHOUT AGAINST AHCOM 014951

I THANK YOU FOR THE BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

EXHIBIT 3

PAGE 5 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456 ̄81

# S.J. REDfern Ltd.

DIBLENUT BROKER

DEAR SIR,                                              3 RD MARCH 2004

CONFIRMATION :       A 0403039

SELLER:              NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                     CALIFORNIA, USA.

BUYER:               AHCOM LTD. THE CODA CENTRE, UNIT 20 C, 189 MUNSTER ROAD,
                     LONDON, SW6 6AW.

COMMODITY:           CALIFORNIAN SHELLED ALMONDS.

QUALITY:             2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                     BLANCHABLE VARIETIES.

QUANTITY:            1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:             BINS ON PALLETS.

FROM:                ORIGIN.

DESTINATION:         TO BE ADVISED.
                     BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                     OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:            DECEMBER  2004

PRICE:               USD 432.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:             NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS      1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                     KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                     EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                     ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                     PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                     SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                     2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                     3) WASHOUT AGAINST AHCOM 014951

                     I THANK YOU FOR THIS BUSINESS.

                            YOURS FAITHFULLY

                            S J REDFERN

EXHIBIT 3

PAGE _6_ OF _49_

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456 81
E-mail: steve@sjredfern.co.uk

**S.J REDfern Ltd.**

E D I B L E   N U T   B R O K E R

DEAR SIR,

3 RD MARCH 2004

CONFIRMATION :    A 04030310

SELLER:    NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

BUYER:    AHCOM LTD. THE CODA CENTRE, UNIT 20 C, 189 MUNSTER ROAD, LONDON, SW6 6AW.

COMMODITY:    CALIFORNIAN SHELLED ALMONDS.

QUALITY:    2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS BLANCHABLE VARIETIES.

QUANTITY:    1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:    BINS ON PALLETS.

FROM:    ORIGIN.

DESTINATION:    TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:    DECEMBER  2004

PRICE:    USD 432.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:    NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS    1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS. ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) WASHOUT AGAINST AHCOM 014951

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J. REDFERN

EXHIBIT 3
PAGE __7__ OF __49__

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781



Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

5th August 2004

### PURCHASE CONTRACT No. 003684.000
### SUPPLIERS REFERENCE:

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

| | |
|---|---|
| **COMMODITY:** | Californian Shelled Almonds, Blanchable Varieties. Standard sheller run, sized/unsized,at sellers option. Maximum 5 percent serious damage. 2004 cropyear |
| **QUANTITY:** | About 120 (one hundred and twenty) Tons. Packed in 120 x Bins in 6 x 40 ft containers. |
| **PRICE:** | 443.00 (four hundred and forty three) U.S. Dollars per 220lbs . |
| **TERMS:** | Free Alongside |
| **PERIOD:** | Shipment : January 2005 to June 2005 |
| **SHIPMENT FROM:** | Californian Port/Railhead   **DESTINATION:**   FINAL PORT(S) TO BE ADVISED. |
| **FREIGHT:** | For buyer's account |
| **INSURANCE:** | To be arranged by buyer |
| **PAYMENT:** | Nett cash against documents on presentation. |
| **WEIGHT:** | Nett Shipped weights |
| **CONDITIONS OF SALE:** | All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein abritration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement.  In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser. |

| | |
|---|---|
| **ADDITIONAL CLAUSES:** | 1 FCL PER MONTH |
| **BROKER:** | S.J. Redfern Ltd.. Your Reference: A0408042-7 |
| **COMMISSION:** | |

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.

Yours faithfully,                                    Signed for and on behalf of:-


Ahcom Ltd                                     Nuttery Farms, Inc.


### EXHIBIT 3
PAGE _8_ OF _49_

The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW. t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net w: www.ahcom.net

Registered No. 3335692 in England. VAT No. GB 691 0582 29

E D I B L E   N U T   B R O K E R

DEAR SIR,                                        4 TH AUGUST 2004

CONFIRMATION :          A 04080422

SELLER:          NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                 CALIFORNIA, USA.

BUYER:           AHCOM LTD, THE CODA CENTRE, UNIT 20C,,
                 189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:       CALIFORNIAN SHELLED ALMONDS.

QUALITY:         2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                 BLANCHABLE VARIETIES.

QUANTITY:        1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:         BINS ON PALLETS.

FROM:            ORIGIN.

DESTINATION:     TO BE ADVISED.
                 BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                 OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:        JANUARY 2005

PRICE:           USD 443.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:         NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS  1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                 KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                 EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                 ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                 PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                 SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                 2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                 3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                 UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                 QUALITY CERTIFICATE IS TO BE SUPPLIED.

                 I THANK YOU FOR THIS BUSINESS.

                 YOURS FAITHFULLY

                 S J REDFERN

                 EXHIBIT 3
                 PAGE 9 OF 49

62 Liverpool Road.
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail: steve@sjredfern.co.uk

EDIBLE NUT BROKER

**DEAR SIR,**                                                  14 TH AUGUST 2004

**CONFIRMATION :**        A 04080423

**SELLER:**              NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                         CALIFORNIA, USA.

**BUYER:**               AHCOM LTD, THE CODA CENTRE, UNIT 20C,,
                         189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**           CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**             2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                         BLANCHABLE VARIETIES.

**QUANTITY:**            1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**             BINS ON PALLETS.

**FROM:**                ORIGIN.

**DESTINATION:**         TO BE ADVISED.
                         BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                         OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**            FEBRUARY 2005

**PRICE:**               USD 443.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**             NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**      1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                         KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                         EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                         ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                         PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                         SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                         2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                         3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                         UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                         QUALITY CERTIFICATE IS TO BE SUPPLIED.

                 I THANK YOU FOR THIS BUSINESS.

                         YOURS FAITHFULLY

                         S J REDFERN

        EXHIBIT 3
   PAGE _10_ OF _49_

                                          62 Liverpool Road,
                                                    Crosby
                                                  Liverpool
                                                   L23 5SJ
                                    *Telephone:* 0151 932 1616
                                         *Home:* 0151 931 3515
                                          *Fax:* 0151 932 0596
                                       *Mobile:* 07802 456781
                              *E-mail:* steve@sjredfern.co.uk

E D I B L E   N U T   B R O K E R

DEAR SIR,                                    4 TH AUGUST 2004

CONFIRMATION :        A 04080424

SELLER:               NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                      CALIFORNIA, USA.

BUYER:                AHCOM LTD, THE CODA CENTRE, UNIT 20C,,
                      189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:            CALIFORNIAN SHELLED ALMONDS.

QUALITY:              2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                      BLANCHABLE VARIETIES.

QUANTITY:             1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:              BINS ON PALLETS.

FROM:                 ORIGIN.

DESTINATION:          TO BE ADVISED.
                      BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                      OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:             MARCH 2005

PRICE:                USD 443.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:              NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS       1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                      KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                      EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                      ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                      PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                      SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                      2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                      3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                      UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                      QUALITY CERTIFICATE IS TO BE SUPPLIED.

                      I THANK YOU FOR THIS BUSINESS.

                      YOURS FAITHFULLY

                      S.REDFERN

                                                62 Liverpool Road,
                                                        Crosby
                                                       Liverpool
                                                        L23 5SJ
                                          Telephone: 0151 932 1616
                                              Home: 0151 931 3515
                                               Fax: 0151 932 0596
                                            Mobile: 07802 456781
                                        E-mail: steve@sjredfern.co.uk

EXHIBIT 3

PAGE 11 OF 49

E D I B L E   N U T   B R O K E R

DEAR SIR,

14 TH AUGUST 2004

CONFIRMATION :  A 04080425

SELLER:  NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

BUYER:  AHCOM LTD, THE CODA CENTRE, UNIT 20C,, 189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:  CALIFORNIAN SHELLED ALMONDS.

QUALITY:  2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS BLANCHABLE VARIETIES.

QUANTITY:  1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:  BINS ON PALLETS.

FROM:  ORIGIN.

DESTINATION:  TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:  APRIL 2005

PRICE:  USD 443.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:  NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS  1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE, UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S J REDFERN

EXHIBIT 3
PAGE 12 OF 49

62 Liverpool Road.
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve@sjredfern.co.uk

B R O K E R

DEAR SIR,

4 TH AUGUST 2004

CONFIRMATION :   A 04080426

SELLER:   NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

BUYER:   AHCOM LTD, THE CODA CENTRE, UNIT 20C,, 189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:   CALIFORNIAN SHELLED ALMONDS.

QUALITY:   2004 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS BLANCHABLE VARIETIES.

QUANTITY:   1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:   BINS ON PALLETS.

FROM:   ORIGIN.

DESTINATION:   TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:   MAY 2005

PRICE:   USD 443.00 PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:   NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS   1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE, UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

EXHIBIT 3
PAGE 13 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve@sjredfern.co.uk

EDIBLE NUT BROKER

DEAR SIR,                                              14 TH AUGUST 2004

CONFIRMATION :         A 04080427

SELLER:         NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                CALIFORNIA, USA.

BUYER:          AHCOM LTD, THE CODA CENTRE, UNIT 20C,,
                189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:      CALIFORNIAN SHELLED ALMONDS.

QUALITY:        2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                BLANCHABLE VARIETIES.

QUANTITY:       1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:        BINS ON PALLETS.

FROM:           ORIGIN.

DESTINATION:    TO BE ADVISED.
                BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:       JUNE 2005

PRICE:          USD 443.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:        NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS  1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                QUALITY CERTIFICATE IS TO BE SUPPLIED.

                I THANK YOU FOR THIS BUSINESS.

                        YOURS FAITHFULLY

                        S.J. REDFERN

EXHIBIT 3
PAGE __14__ OF __49__

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail: steve@sjredfern.co.uk



Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

9th August 2004

### PURCHASE CONTRACT No. 003697.000
### SUPPLIERS REFERENCE:

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

| | |
|---|---|
| **COMMODITY:** | Californian Shelled Almonds, Blanchable Varieties. Standard sheller run, sized/unsized,at sellers option. Maximum 5 percent serious damage. 2004 cropyear |
| **QUANTITY:** | About 120 (one hundred and twenty) Tons. Packed in 120 x Bins in 6 x 40 ft containers. |
| **PRICE:** | 457.00 (four hundred and fifty seven) U.S. Dollars per 220lbs . |
| **TERMS:** | Free Alongside |
| **PERIOD:** | Shipment : January 2005 to June 2005 |
| **SHIPMENT FROM:** | Californian Port/Railhead   **DESTINATION:**   FINAL PORT(S) TO BE ADVISED. |
| **FREIGHT:** | For buyer's account |
| **INSURANCE:** | To be arranged by buyer |
| **PAYMENT:** | Nett cash against documents on presentation. |
| **WEIGHT:** | Nett Shipped weights |
| **CONDITIONS OF SALE:** | All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein abritration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement.  In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser. |

| | |
|---|---|
| **ADDITIONAL CLAUSES:** | 1 FCL PER MONTH |
| **BROKER:** | S.J. Redfern Ltd.. Your Reference: A0408064-9 |
| **COMMISSION:** | 0.00 |

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.

Yours faithfully,

Signed for and on behalf of:-

Ahcom Ltd

Nuttery Farms, Inc.

EXHIBIT 3
PAGE _15_ OF _49_

The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net  w: www.ahcom.net

Registered No. 3335692 in England. VAT No. GB 691 0582 29

S.J REDfern

E D I B L E     N U T     B R O

DEAR SIR,

CONFIRMATION :                                        6 TH AUGUST 2004

                         A 0408064

SELLER:

                 NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                 CALIFORNIA, USA.

BUYER:

                 AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                 189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:

                 CALIFORNIAN SHELLED ALMONDS.

QUALITY:

                 2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                 BLANCHABLE VARIETIES.

QUANTITY:

                 1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:

                 BINS ON PALLETS.

FROM:

                 ORIGIN.    ..

DESTINATION:

                 TO BE ADVISED.
                 BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                 OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:

                 JANUARY 2005

PRICE:

                 USD 457.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:

                 NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS

                 1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                 KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                 EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                 ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                 PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                 SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                 2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                 3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                 UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                 QUALITY CERTIFICATE IS TO BE SUPPLIED.

                 I THANK YOU FOR THIS BUSINESS.

                     YOURS FAITHFULLY

                     S.J.REDFERN

EXHIBIT 3
PAGE 16 OF 49

62 Liverpool Road.
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802

S. J. REDFern Ltd

D I B L E   N U T   B R O K E

DEAR SIR,

CONFIRMATION :                              6 TH AUGUST 2004

     A 0408065

SELLER:

    NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
    CALIFORNIA, USA.

BUYER:

    AHCOM LTD, THE CODA CENTRE, UNIT 20C,
    189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:

    CALIFORNIAN SHELLED ALMONDS.

QUALITY:

    2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
    BLANCHABLE VARIETIES.

QUANTITY:

    1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:

    BINS ON PALLETS.

FROM:

    ORIGIN.      --

DESTINATION:

    TO BE ADVISED.
    BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
    OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:

    FEBRUARY 2005

PRICE:

    USD 457.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:

    NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS

    1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
    KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
    EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
    ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
    PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
    SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
    2) GOODS TO CONFORM TO GERMAN FOOD LAW.
    3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
    UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
    QUALITY CERTIFICATE IS TO BE SUPPLIED.

    I THANK YOU FOR THIS BUSINESS.

    YOURS FAITHFULLY

    S.J.REDFERN

EXHIBIT 3
PAGE 17 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail:

S.J. REDfern Ltd.

D I B L E   N U T   B R O K E R

DEAR SIR,

6 TH AUGUST 2004

**CONFIRMATION :**   A 0408066

**SELLER:**

NUTTERY FARMS INC, P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

**BUYER:**

AHCOM LTD, THE CODA CENTRE, UNIT 20C, 189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**

CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**

2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS BLANCHABLE VARIETIES.

**QUANTITY:**

1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**

BINS ON PALLETS.

**FROM:**

ORIGIN.

**DESTINATION:**

TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**

MARCH 2005

**PRICE:**

USD 457.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**

NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**

1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE, UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

62 Liverpool Road.
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781

EXHIBIT 3
PAGE 18 OF 49

**S.J REDfern Lt**

E D I B L E   N U T   B R O K

DEAR SIR,

CONFIRMATION :                                    6 TH AUGUST 2004

SELLER:                    A 0408067

NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
CALIFORNIA, USA.

BUYER:

AHCOM LTD, THE CODA CENTRE, UNIT 20C,
189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:

QUALITY:                  CALIFORNIAN SHELLED ALMONDS.

2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
BLANCHABLE VARIETIES.

QUANTITY:

1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:

BINS ON PALLETS.

FROM:

ORIGIN.

DESTINATION:

TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:                 APRIL 2005

PRICE:

USD 457.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:

NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS

1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J REDFERN

EXHIBIT 3
PAGE 19 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802



S.J REDfern Ltc
E D I B L E   N U T   B R O K E

DEAR SIR,

CONFIRMATION :                                    6 TH AUGUST 2004

          A 0408068

SELLER:

          NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
          CALIFORNIA, USA.

BUYER:

          AHCOM LTD, THE CODA CENTRE, UNIT 20C,
          189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:

          CALIFORNIAN SHELLED ALMONDS.

QUALITY:

          2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
          BLANCHABLE VARIETIES.

QUANTITY:

          1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:

          BINS ON PALLETS.

FROM:

          ORIGIN.

DESTINATION:

          TO BE ADVISED.
          BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
          OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:

          MAY 2005

PRICE:

          USD 457.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:

          NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS

          1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
          KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
          EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
          ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
          PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
          SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
          2) GOODS TO CONFORM TO GERMAN FOOD LAW.
          3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
          UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
          QUALITY CERTIFICATE IS TO BE SUPPLIED.

          I THANK YOU FOR THIS BUSINESS.

               YOURS FAITHFULLY

               S.J REDFERN

               EXHIBIT 3
               PAGE  20  OF  49

                                        62 Liverpool Road.
                                        Crosby
                                        Liverpool
                                        L23 5SJ
                                        Telephone: 0151 932 1616
                                        Home: 0151 931 ....

S. J. REDFERN Ltd

D I B L E   N U T   B R O K E R

DEAR SIR,

CONFIRMATION :                                    6 TH AUGUST 2004

A 0408069

SELLER:

NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
CALIFORNIA, USA.

BUYER:

AHCOM LTD, THE CODA CENTRE, UNIT 20C,
189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:

CALIFORNIAN SHELLED ALMONDS.

QUALITY:

2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
BLANCHABLE VARIETIES.

QUANTITY:

1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:

BINS ON PALLETS.

FROM:

ORIGIN.

DESTINATION:

TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:

JUNE 2005

PRICE:

USD 457.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:

NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS

1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S J REDFERN

EXHIBIT 3
PAGE 21 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail:



**AHCOM** **LTD**

Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

10th September 2004

**PURCHASE CONTRACT No. 003755.000**
**SUPPLIERS REFERENCE:**

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

| | |
|---|---|
| **COMMODITY:** | Californian Shelled Almonds, Blanchable Varieties. Standard sheller run, sized/unsized,at sellers option. Maximum 5 percent serious damage. 2004 cropyear |
| **QUANTITY:** | About 120 (one hundred and twenty) Tons. Packed in 120 x Bins in 6 x 40 ft containers. |
| **PRICE:** | 535.00 (five hundred and thirty five) U.S. Dollars per 220lbs . |
| **TERMS:** | Free Alongside |
| **PERIOD:** | Shipment : January 2005 to June 2005 |
| **SHIPMENT FROM:** | Californian Port/Railhead   **DESTINATION:**   FINAL PORT(S) TO BE ADVISED. |
| **FREIGHT:** | For buyer's account |
| **INSURANCE:** | To be arranged by buyer |
| **PAYMENT:** | Nett cash against documents on presentation. |
| **WEIGHT:** | Nett Shipped weights |
| **CONDITIONS OF SALE:** | All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser. |

| | |
|---|---|
| **ADDITIONAL CLAUSES:** | 1 FCL PER MONTH |
| **BROKER:** | S.J. Redfern Ltd.. Your Reference: A04090913-8 |
| **COMMISSION:** | USD 0.00 |

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.

Yours faithfully,                                         Signed for and on behalf of:-

Ahcom Ltd                                                 Nuttery Farms, Inc.

**EXHIBIT 3**
PAGE 22 OF 49

The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW  t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net  w: www.ahcom.net

Registered No. 3335692 in England. VAT No. GB 691 0582 29

S. J. **Redfern** Ltd.

F  I B L E  N U T  B R O K E R

**DEAR SIR,**                                                9 th SEPTEMBER 2004

**CONFIRMATION :**        A 04090913

**SELLER:**               NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                          CALIFORNIA, USA.

**BUYER:**                AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                          189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**            CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**              2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                          BLANCHABLE VARIETIES.

**QUANTITY:**             1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**              BINS ON PALLETS.

**FROM:**                 ORIGIN.

**DESTINATION:**          TO BE ADVISED.
                          BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                          OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**             JANUARY 2005

**PRICE:**                USD 535.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**              NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**       1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                          KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                          EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                          ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                          PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                          SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                          2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                          3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                          UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                          QUALITY CERTIFICATE IS TO BE SUPPLIED.

                          I THANK YOU FOR THIS BUSINESS.

                                  YOURS FAITHFULLY

                                  S. REDFERN

                                                            62 Liverpool Road,
                                                                  Crosby
                                                                 Liverpool
                          EXHIBIT 3                                L23 5SJ
                          PAGE 23 OF 49           *Telephone:* 0151 932 1616
                                                    *Home:* 0151 931 3515
                                                      *Fax:* 0151 932 0596
                                                    *Mobile:* 07802 456781
                                         *E-mail:* steve.redfern@btconnect.com

S. Redfern Ltd.

DIBLE NUT BROKER

**DEAR SIR,**

9 th SEPTEMBER 2004

**CONFIRMATION :**    A 04090914

**SELLER:**    NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
CALIFORNIA, USA.

**BUYER:**    AHCOM LTD, THE CODA CENTRE, UNIT 20C,
189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**    CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**    2004 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS
BLANCHABLE VARIETIES.

**QUANTITY:**    1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**    BINS ON PALLETS.

**FROM:**    ORIGIN.

**DESTINATION:**    TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**    FEBRUARY 2005

**PRICE:**    USD 535.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**    NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**    1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.,
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S. REDFERN

EXHIBIT 3
PAGE 24 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**S. J. REDFERN Ltd.**

TREE NUT BROKER

DEAR SIR,                                              9 th SEPTEMBER 2004

CONFIRMATION :        A 04090915

SELLER:        NUTTERY FARMS INC. P.O. BOX 29, ST HELENA,
               CALIFORNIA, USA.

BUYER:         AHCOM LTD, THE CODA CENTRE, UNIT 20C,
               189 MUNSTER ROAD, LONDON, SW6 6AW

COMMODITY:     CALIFORNIAN SHELLED ALMONDS.

QUALITY:       2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
               BLANCHABLE VARIETIES.

QUANTITY:      1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:       BINS ON PALLETS.

FROM:          ORIGIN.

DESTINATION:   TO BE ADVISED.
               BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
               OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

SHIPMENT:      MARCH 2005

PRICE:         USD 535.00  PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:       NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS   1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
               KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
               EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
               ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
               PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
               SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
               2) GOODS TO CONFORM TO GERMAN FOOD LAW.
               3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
               UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
               QUALITY CERTIFICATE IS TO BE SUPPLIED.


               I THANK YOU FOR THIS BUSINESS.

               YOURS FAITHFULLY

               S.J.REDFERN

               EXHIBIT 3
               PAGE 25 OF 49

                                              62 Liverpool Road,
                                                     Crosby
                                                    Liverpool
                                                      L23 5SJ
                                         Telephone: 0151 932 1616
                                             Home: 0151 931 3515
                                              Fax: 0151 932 0596
                                           Mobile: 07802 456781
                                    E-mail: steve.redfern@btconnect.com

**. . . Redfern Ltd.**

F I B L E N U T B R O K E R

DEAR SIR,                                                    9 th SEPTEMBER 2004

**CONFIRMATION :**        A 04090916

**SELLER:**               NUTTERY FARMS INC. P.O. BOX 29, ST HELENA,
                          CALIFORNIA, USA.

**BUYER:**                AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                          189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**            CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**              2004 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS
                          BLANCHABLE VARIETIES.

**QUANTITY:**             1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**              BINS ON PALLETS.

**FROM:**                 ORIGIN.

**DESTINATION:**          TO BE ADVISED.
                          BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                          OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**             APRIL 2005

**PRICE:**                USD 535.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**              NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**       1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                          KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                          EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                          ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                          PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                          SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                          2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                          3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                          UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                          QUALITY CERTIFICATE IS TO BE SUPPLIED.

                          I THANK YOU FOR THIS BUSINESS.

                                  YOURS FAITHFULLY

                                  S C REDFERN

                          EXHIBIT 3
                          PAGE 26 OF 49

                                                   62 Liverpool Road,
                                                            Crosby
                                                            Liverpool
                                                            L23 5SJ
                                                   *Telephone:* 0151 932 1616
                                                   *Home:* 0151 931 3515
                                                   *Fax:* 0151 932 0596
                                                   *Mobile:* 07802 456781
                                                   *E-mail:* steve.redfern@brconnect.com

# S. Redfern Ltd.
### E  I B L E N U T  B R O K E R

**DEAR SIR,**                                               9 th SEPTEMBER 2004

**CONFIRMATION :**     A 04090917

**SELLER:**            NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                       CALIFORNIA, USA.

**BUYER:**             AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                       189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**         CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**           2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                       BLANCHABLE VARIETIES.

**QUANTITY:**          1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**           BINS ON PALLETS.

**FROM:**              ORIGIN.

**DESTINATION:**       TO BE ADVISED.
                       BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                       OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**          MAY 2005

**PRICE:**             USD 535.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**           NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**    1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                       KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                       EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                       ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                       PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                       SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                       2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                       3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                       UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                       QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S. REDFERN

EXHIBIT 3
PAGE 27 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**. D I B L E N U T   B R O K E R**

**DEAR SIR,**                                                     9 th SEPTEMBER 2004

**CONFIRMATION :**        A 04090918

**SELLER:**        NUTTERY FARMS INC. P.O. BOX 29, ST HELENA,
                   CALIFORNIA, USA.

**BUYER:**        AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                  189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**        CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**        2004 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                    BLANCHABLE VARIETIES.

**QUANTITY:**        1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**        BINS ON PALLETS.

**FROM:**        ORIGIN.

**DESTINATION:**        TO BE ADVISED.
                       BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                       OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**        JUNE 2005

**PRICE:**        USD 535.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**        NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**        1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                           KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                           EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                           ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                           PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                           SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                           2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                           3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                           UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                           QUALITY CERTIFICATE IS TO BE SUPPLIED.

                     I THANK YOU FOR THIS BUSINESS.

                          YOURS FAITHFULLY

                              S. REDFERN

                          EXHIBIT 3
                          PAGE __28__ OF __49__

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com



**AHCOM**
L T D

Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

10th September 2004

## PURCHASE CONTRACT No. 003756.000
### SUPPLIERS REFERENCE:

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

| | |
|---|---|
| **COMMODITY:** | Californian Shelled Almonds, Blanchable Varieties. Standard sheller run, sized/unsized,at sellers option. Maximum 5 percent serious damage. 2004 cropyear |
| **QUANTITY:** | About 120 (one hundred and twenty) Tons. Packed in 120 x Bins in 6 x 40 ft containers. |
| **PRICE:** | 505.00 (five hundred and five) U.S. Dollars per 220lbs . |
| **TERMS:** | Free Alongside |
| **PERIOD:** | Shipment : October 2005 to March 2006 |
| **SHIPMENT FROM:** | Californian Port/Railhead   **DESTINATION:**   FINAL PORT(S) TO BE ADVISED. |
| **FREIGHT:** | For buyer's account |
| **INSURANCE:** | To be arranged by buyer |
| **PAYMENT:** | Nett cash against documents on presentation. |
| **WEIGHT:** | Nett Shipped weights |
| **CONDITIONS OF SALE:** | All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein abritration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser. |

| | |
|---|---|
| **ADDITIONAL CLAUSES:** | 1 FCL PER MONTH |
| **BROKER:** | S.J. Redfern Ltd.. Your Reference: A04090931-6 |
| **COMMISSION:** | USD 0.00 |

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.

Yours faithfully,                                    Signed for and on behalf of:-

Ahcom Ltd                                            Nuttery Farms, Inc.

## EXHIBIT 3
PAGE 29 OF 49

The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW  t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net  w: www.ahcom.net

Registered No. 3335692 in England. VAT No. GB 691 0582 29

# S.J REDfern Ltd.
E   IBLENUT BROKER

**DEAR SIR,**                                          9 th SEPTEMBER 2004

**CONFIRMATION :**       A 04090931

**SELLER:**              NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                         CALIFORNIA, USA.

**BUYER:**               AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                         189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**           CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**             2005 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                         BLANCHABLE VARIETIES.

**QUANTITY:**            1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**             BINS ON PALLETS.

**FROM:**                ORIGIN.

**DESTINATION:**         TO BE ADVISED.
                         BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                         OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**            OCTOBER 2005

**PRICE:**               USD 505.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**             NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**      1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                         KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                         EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                         ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                         PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                         SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                         2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                         3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                         UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                         QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY
S.J REDFERN

EXHIBIT 3
PAGE 30 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**S.J. REDfern Ltd.**

B I H L E N U T B R O K E R

**DEAR SIR,**                                    9 th SEPTEMBER 2004

**CONFIRMATION :**        A 04090932

**SELLER:**               NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                          CALIFORNIA, USA.

**BUYER:**                AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                          189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**            CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**              2005 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
                          BLANCHABLE VARIETIES.

**QUANTITY:**             1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**              BINS ON PALLETS.

**FROM:**                 ORIGIN.

**DESTINATION:**          TO BE ADVISED.
                          BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                          OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**             NOVEMBER 2005

**PRICE:**                USD 505.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**              NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**       1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                          KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                          EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                          ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                          PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                          SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                          2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                          3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                          UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                          QUALITY CERTIFICATE IS TO BE SUPPLIED.

              I THANK YOU FOR THIS BUSINESS.

              YOURS FAITHFULLY

              S.J REDFERN

                   **EXHIBIT 3**
              PAGE _31_ OF _49_

                                              62 Liverpool Road,
                                              Crosby
                                              Liverpool
                                              L23 5SJ
                                              *Telephone:* 0151 932 1616
                                              *Home:* 0151 931 3515
                                              *Fax:* 0151 932 0596
                                              *Mobile:* 07802 456781
                                              *E-mail:* steve.redfern@btconnect.com

# S.J. Redfern Ltd.

### EDIBLE NUT BROKER

**DEAR SIR,**                                            9 th SEPTEMBER 2004

**CONFIRMATION :**          A 04090933

**SELLER:**                 NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                            CALIFORNIA, USA.

**BUYER:**                  AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                            189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**              CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**                2005 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS
                            BLANCHABLE VARIETIES.

**QUANTITY:**               1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**                BINS ON PALLETS.

**FROM:**                   ORIGIN.

**DESTINATION:**            TO BE ADVISED.
                            BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                            OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**               DECEMBER 2005

**PRICE:**                  USD 505.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**                NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**         1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                            KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                            EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                            ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                            PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                            SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                            2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                            3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                            UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                            QUALITY CERTIFICATE IS TO BE SUPPLIED.

                            I THANK YOU FOR THIS BUSINESS.

                                YOURS FAITHFULLY

                                S. J. REDFERN

EXHIBIT 3
PAGE 32 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 3SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**S.J.REDfern Ltd.**

T R E E N U T B R O K E R

DEAR SIR,                                      9 th SEPTEMBER 2004

**CONFIRMATION :**     A 04090934

**SELLER:**     NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
CALIFORNIA, USA.

**BUYER:**     AHCOM LTD, THE CODA CENTRE, UNIT 20C,
189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**     CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**     2005 CROP STANDARD SIZED / UNSIZED USDA 5%  SERIOUS
BLANCHABLE VARIETIES.

**QUANTITY:**     1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**     BINS ON PALLETS.

**FROM:**     ORIGIN.

**DESTINATION:**     TO BE ADVISED.
BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**     JANUARY  2006

**PRICE:**     USD 505.00  PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**     NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**     1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN

EXHIBIT 3
PAGE _33_ OF _49_

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

# S. REDFERN Ltd.

I R I E N U T B R O K E R

**DEAR SIR,**                                                      9 th SEPTEMBER 2004

**CONFIRMATION :**        A 04090935

**SELLER:**               NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                          CALIFORNIA, USA.

**BUYER:**                AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                          189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**            CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**              2005 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS
                          BLANCHABLE VARIETIES.

**QUANTITY:**             1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**              BINS ON PALLETS.

**FROM:**                 ORIGIN.

**DESTINATION:**          TO BE ADVISED.
                          BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                          OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**             FEBRUARY 2006

**PRICE:**                USD 505.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**              NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**       1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                          KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                          EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                          ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                          PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                          SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM..
                          2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                          3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                          UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                          QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.REDFERN

EXHIBIT 3
PAGE 34 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**S.J. REDfern** Ltd.

D I B L E N U T B R O K E R

**DEAR SIR,**                                          9 th SEPTEMBER 2004

**CONFIRMATION :**      A 04090936

**SELLER:**             NUTTERY FARMS INC, P.O. BOX 29, ST HELENA,
                        CALIFORNIA, USA.

**BUYER:**              AHCOM LTD, THE CODA CENTRE, UNIT 20C,
                        189 MUNSTER ROAD, LONDON, SW6 6AW

**COMMODITY:**          CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**            2005 CROP STANDARD SIZED / UNSIZED USDA 5% SERIOUS
                        BLANCHABLE VARIETIES.

**QUANTITY:**           1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**            BINS ON PALLETS.

**FROM:**               ORIGIN.

**DESTINATION:**        TO BE ADVISED.
                        BUYERS TO GIVE SELLERS ONE MONTHS ADVANCE NOTICE
                        OF DESTINATION PRIOR TO MONTH OF SHIPMENT.

**SHIPMENT:**           MARCH  2006

**PRICE:**              USD 505.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**            NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**     1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                        KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                        EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                        ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                        PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                        SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.
                        2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                        3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                        UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                        QUALITY CERTIFICATE IS TO BE SUPPLIED.

                        I THANK YOU FOR THIS BUSINESS.

                        YOURS FAITHFULLY

                        S.J.REDFERN

EXHIBIT 3
PAGE 35 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com



Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

17th September 2004

PURCHASE CONTRACT No. 003778.000
SUPPLIERS REFERENCE:

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

**COMMODITY:** Californian Shelled Almonds, Non Pareil / California variety at sellers option. Select sheller run. 27/30 count and or larger. 2004 cropyear

**QUANTITY:** About 100 (one hundred) Tons. Packed in 4400 x 50lb cartons in 5 x 40 ft containers.

**PRICE:** 543.00 (five hundred and forty three) U.S. Dollars per 220lbs .

**TERMS:** Free Alongside

**PERIOD:** Shipment : November 2004 to March 2005

**SHIPMENT FROM:** Californian Port/Railhead   **DESTINATION:**   Riga,Latvia.

**FREIGHT:** For buyer's account

**INSURANCE:** To be arranged by buyer

**PAYMENT:** Nett cash against documents on presentation.

**WEIGHT:** Nett Shipped weights

**CONDITIONS OF SALE:** All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement.  In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser.

**ADDITIONAL CLAUSES:** 1 FCL PER MONTH TO BE SHIPPED ON APL LINES

**BROKER:** S.J. Redfern Ltd.. Your Reference: A0409163-7

**COMMISSION:** USD 0.00

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.

Yours faithfully,                                          Signed for and on behalf of:-

Ahcom Ltd                                                 Nuttery Farms, Inc.

EXHIBIT 3
PAGE 34 OF 49

The Coda Centre, Unit 20C, 189 Munster Road, London SW6 6AW. t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net w: www.ahcom.net

Registered No. 3335692 in England. VAT No. GB 691 0582 29

# S. J. REDFERN Ltd.

B. L. E. N U T  B R O K E R

**DEAR SIR,**

16 TH SEPTEMBER 2004

**CONFIRMATION :**   A 0409163

3778.00

**SELLER:**   NUTTERY FARMS INC. P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

**BUYER:**   AHCOM LTD, THE CODA CENTRE, UNIT 20C, 189 MUNSTER ROAD, LONDON SW6 6AW.

**COMMODITY:**   CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**   2004 CROP NONPAREIL / CALIFORNIA SELECT SHELLER RUN COUNT 27/30 AOL AT SELLERS OPTION

**QUANTITY:**   1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**   CARTONS.

**FROM:**   ORIGIN.

**DESTINATION:**   RIGA BY API. LINE

**SHIPMENT:**   NOVEMBER 2004

**PRICE:**   USD 543.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**   NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**   1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE, UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

REDFERN.

EXHIBIT 3
PAGE 37 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**S.J REDfern Ltd.**

E D I B L E N U T B R O K E R

**DEAR SIR,**                                                16 TH SEPTEMBER 2004

**CONFIRMATION :**     A 0409164

**SELLER:**     NUTTERY FARMS INC. P.O. BOX 29, ST HELENA,
CALIFORNIA, USA.

**BUYER:**     AHCOM LTD, THE CODA CENTRE, UNIT 20C, 189 MUNSTER ROAD,
LONDON SW6 6AW.

**COMMODITY:**     CALIFORNIAN SHELLED ALMONDS.

**QUALITY:**     2004 CROP NONPAREIL / CALIFORNIA SELECT SHELLER RUN
COUNT 27/30 AOL AT SELLERS OPTION

**QUANTITY:**     1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:**     CARTONS.

**FROM:**     ORIGIN.

**DESTINATION:**     RIGA BY APL LINE

**SHIPMENT:**     DECEMBER 2004

**PRICE:**     USD 543.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:**     NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**     1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J. REDFERN.

EXHIBIT 3
PAGE 33 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
*Telephone:* 0151 932 1616
*Home:* 0151 931 3515
*Fax:* 0151 932 0596
*Mobile:* 07802 456781
*E-mail:* steve.redfern@btconnect.com

**S.J REDfern Ltd.**

EDIBLE NUT BROKER

DEAR SIR,                                          16 TH SEPTEMBER 2004

CONFIRMATION :        A 0409165

SELLER:               NUTTERY FARMS INC. P.O. BOX 29, ST HELENA,
                      CALIFORNIA, USA.

BUYER:                AHCOM LTD, THE CODA CENTRE, UNIT 20C, 189 MUNSTER ROAD,
                      LONDON SW6 6AW.

COMMODITY:            CALIFORNIAN SHELLED ALMONDS.

QUALITY:              2004 CROP NONPAREIL / CALIFORNIA SELECT SHELLER RUN
                      COUNT 27/30 AOL AT SELLERS OPTION

QUANTITY:             1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:              CARTONS.

FROM:                 ORIGIN.

DESTINATION:          RIGA BY APL LINE

SHIPMENT:             JANUARY 2005.

PRICE:                USD 543.00 PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:              NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS       1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                      KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                      EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                      ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                      PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                      SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.
                      2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                      3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                      UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                      QUALITY CERTIFICATE IS TO BE SUPPLIED.

                      I THANK YOU FOR THIS BUSINESS.

                      YOURS FAITHFULLY
                      S.J REDFERN.

EXHIBIT 3
PAGE 39 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail: steve.redfern@btconnect.com

**S.J REDfern Ltd.**

D I B L E N U T   B R O K E R

DEAR SIR,                                            16 TH SEPTEMBER 2004

CONFIRMATION :      A 0409166

SELLER:             NUTTERY FARMS INC. P.O. BOX 29, ST HELENA,
                    CALIFORNIA, USA.

BUYER:              AHCOM LTD, THE CODA CENTRE, UNIT 20C, 189 MUNSTER ROAD,
                    LONDON SW6 6AW.

COMMODITY:          CALIFORNIAN SHELLED ALMONDS.

QUALITY:            2004 CROP NONPAREIL / CALIFORNIA SELECT SHELLER RUN
                    COUNT 27/30 AOI. AT SELLERS OPTION

QUANTITY:           1 FULL CONTAINER LOAD OF 20 TONNES.

PACKING:            CARTONS.

FROM:               ORIGIN.

DESTINATION:        RIGA BY APL LINE

SHIPMENT:           FEBRUARY 2005.

PRICE:              USD 543.00 PER 220 LBS FAS CALIFORNIAN PORT.

PAYMENT:            NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

SPECIAL REMARKS     1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND
                    KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT
                    EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN
                    ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL
                    PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL
                    SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.
                    2) GOODS TO CONFORM TO GERMAN FOOD LAW.
                    3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE,
                    UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE
                    QUALITY CERTIFICATE IS TO BE SUPPLIED.

                    I THANK YOU FOR THIS BUSINESS.

                    YOURS FAITHFULLY

                    S.J REDFERN.

                    EXHIBIT 3
                    PAGE 40 OF 49

                                        62 Liverpool Road,
                                        Crosby
                                        Liverpool
                                        L23 5SJ
                                    Telephone: 0151 932 1616
                                        Home: 0151 931 3515
                                        Fax: 0151 932 0596
                                        Mobile: 07802 456781
                                E-mail: steve.redfern@btconnect.com

**S.J.REDfern** Ltd.

D I B L E N U T B R O K E R

**DEAR SIR,**

16 TH SEPTEMBER 2004

**CONFIRMATION :** A 0409167

**SELLER:** NUTTERY FARMS INC. P.O. BOX 29, ST HELENA, CALIFORNIA, USA.

**BUYER:** AHCOM LTD, THE CODA CENTRE, UNIT 20C, 189 MUNSTER ROAD, LONDON SW6 6AW.

**COMMODITY:** CALIFORNIAN SHELLED ALMONDS.

**QUALITY:** 2004 CROP NONPAREIL / CALIFORNIA SELECT SHELLER RUN COUNT 27/30 AOL AT SELLERS OPTION

**QUANTITY:** 1 FULL CONTAINER LOAD OF 20 TONNES.

**PACKING:** CARTONS.

**FROM:** ORIGIN.

**DESTINATION:** RIGA BY APL LINE

**SHIPMENT:** MARCH 2005.

**PRICE:** USD 543.00 PER 220 LBS FAS CALIFORNIAN PORT.

**PAYMENT:** NETT CASH AGAINST DOCUMENTS ON PRESENTATION.

**SPECIAL REMARKS**
1) AS PER THE EXPORT CONTRACT FOR DRIED FRUIT, TREE NUTS AND KINDRED PRODUCTS, ADOPTED BY THE CALIFORNIA DRIED FRUIT EXPORT ASSOCIATION EFFECTIVE MARCH 1989. - ARBITRATION IN ACCORDANCE WITH THE RULES OF WAREN VEREIN - INTERNATIONAL PARTICIPATION PERMITTED - SHALL BE COMPETENT FOR FINAL SETTLEMENT OF ALL AND ANY DISPUTE ARISING THEREFROM.
2) GOODS TO CONFORM TO GERMAN FOOD LAW.
3) SELLER TO PROVIDE A USDA / DFA INSPECTION CERTIFICATE, UNLESS PRODUCTION OF BLUE DIAMOND WHERE AN IN HOUSE QUALITY CERTIFICATE IS TO BE SUPPLIED.

I THANK YOU FOR THIS BUSINESS.

YOURS FAITHFULLY

S.J.REDFERN.

EXHIBIT 3

PAGE 41 OF 49

62 Liverpool Road,
Crosby
Liverpool
L23 5SJ
Telephone: 0151 932 1616
Home: 0151 931 3515
Fax: 0151 932 0596
Mobile: 07802 456781
E-mail: steve.redfern@btconnect.com

 

**EUROBROKER**

## CONTRACT 408074

Paris, 11/08/2004

We herewith confirm to you the following transaction through our intermediary:

**SELLER:**     NUTTERY FARMS, INC.
P.O.Box 29
ST. HELENA, CA 94574 - USA

**BUYER:**     AHCOM LIMITED        VAT N°: GB 691058229
The Coda Centre
Unit 20C
189 Munster Road
LONDON SW6 6AW - UNITED KINGDOM

**COMMODITY:**     CALIFORNIAN SHELLED ALMONDS

**QUALITY:**     BLANCHABLE Variety (at Seller's Option) - US Standard Sheller Run or better (at Seller's Option) - Unsized/Sized (at Seller's Option) - Crop 2004.
As per USDA specifications (except max 5 % serious defects allowed) and USDA/DFA/BDG Inspection Certificate.

**QUANTITY:**     1 (One) full 40FT containerload of about 20 (twenty) metric tons. Original nett weight.

**PACKING:**     In bulk bins of 2000-2200 lbs nett weight and on pallets.

**PRICE:**     US$ 478.00 (fourhundredandseventyeight)
Per 220 lbs FAS CALIFORNIAN PORT. Nett shipped weight.

**SHIPMENT:**     JUNE 2005 (at Seller's Option) from origin.
Open destination (at Buyer's Option) - Shipping instructions to be given by the buyer 30 days prior to the shipment period.

**. MENT:**     Nett cash against documents at presentation.

**GENERAL CONDITIONS:**     As per Export Contract for Dried Fruits, Tree Nuts and Kindred Products, adopted by the California Dried Fruit Export Association effective July 10, 2003 - Arbitration in accordance with the Arbitration Rules of the Waren-Verein der Hamburger Börse e.V. whose arbitrators - international participation permitted - shall be competent for final settlement of all and any dispute arising herefrom.

**OTHER CONDITIONS:**     OTHC for buyer's account. Documents to include original USDA DFA BDG Inspection Certificate, Certificate of Origin, Fumigation Certificate, Phytosanitary Certificate, Shipper's or Public Weighmaster Certificate as well as Compliance Certificate confirming that goods are in accordance with E.U. Food Law as to Aflatoxin, Methylbromide and Malathion.

            **BUYER**                        **EUROBROKER S.A.**

Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute a acceptance of the above terms and conditions.

**EXHIBIT 3**

PAGE __42__ OF __49__



## CONTRACT 408074

Paris, 11/08/2004

We herewith confirm to you the following transaction through our intermediary:

**SELLER:**  **NUTTERY FARMS, INC.**
P.O.Box 29
ST. HELENA, CA 94574 / USA

**BUYER:**  **AHCOM LIMITED**  VAT N°: GB 691058229
The Coda Centre
Unit 20C
189 Munster Road
LONDON SW6 6AW / UNITED KINGDOM

**COMMODITY:**  CALIFORNIAN SHELLED ALMONDS

**QUALITY:**  BLANCHABLE Variety (at Seller's Option) - US Standard Sheller Run or better (at Seller's Option) - Unsized Sized (at Seller's Option) - Crop 2004.
As per USDA specifications (except max 5 % serious defects allowed) and USDA/DFA/BDG Inspection Certificate.

**QUANTITY:**  1 (One) full 40FT containerload of about 20 (twenty) metric tons. Original nett weight.

**PACKING:**  In bulk bins of 2000-2200 lbs nett weight and on pallets.

**PRICE:**  US$ 478,00 (fourhundredandseventyeight)
Per 220 lbs FAS CALIFORNIAN PORT. Nett shipped weight.

**SHIPMENT:**  JUNE 2005 (at Seller's Option) from origin.
Open destination (at Buyer's Option) - Shipping instructions to be given by the buyer 30 days prior to the shipment period.

**...MENT:**  Nett cash against documents at presentation.

**GENERAL CONDITIONS:**  As per Export Contract for Dried Fruits, Tree Nuts and Kindred Products, adopted by the California Dried Fruit Export Association effective July 10, 2003 - Arbitration in accordance with the Arbitration Rules of the Waren-Verein der Hamburger Börse e.V. whose arbitrators - international participation permitted - shall be competent for final settlement of all and any dispute arising herefrom.

**OTHER CONDITIONS:**  OTHC for buyer's account. Documents to include original USDA/DFA/BDG Inspection Certificate, Certificate of Origin, Fumigation Certificate, Phytosanitary Certificate, Shipper's or Public Weighmaster Certificate as well as Compliance Certificate confirming that goods are in accordance with E.U. Food Law as to Aflatoxin, Methylbromide and Malathion.

BUYER  EUROBROKER S.A.

Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute an acceptance of the above terms and conditions.

**EXHIBIT 3**
PAGE _43_ OF _49_

112/114, Bd Haussmann - 75008 Paris - Tél. : +33 1 53 42 52 62 - Fax : +33 1 53 42 45 00 - E-mail : euro@ eurobroker.fr
S.A. au capital de 40.000 € - RCS PARIS B 317 885 325 00058 - T.V.A. FR 02 317 885 325 - NAF 511 A - www.eurobroker.fr



## CONTRACT 408073

Paris, 11/08/2004

We herewith confirm to you the following transaction through our intermediary:

| | |
|---|---|
| **SELLER:** | **NUTTERY FARMS, INC.**<br>P.O.Box 29<br>ST. HELENA, CA 94574 - USA |
| **BUYER:** | **AHCOM LIMITED**                              VAT N°: GB 691058229<br>The Coda Centre<br>Unit 20C<br>189 Munster Road<br>LONDON SW6 6AW / UNITED KINGDOM |

**COMMODITY:** CALIFORNIAN SHELLED ALMONDS

**QUALITY:** BLANCHABLE Variety (at Seller's Option) - US Standard Sheller Run or better (at Seller's Option) - Unsized/Sized (at Seller's Option) - Crop 2004.
As per USDA specifications (except max 5 % serious defects allowed) and USDA/DFA/BDG Inspection Certificate.

**QUANTITY:** 1 (One) full 40FT containerload of about 20 (twenty) metric tons. Original nett weight.

**PACKING:** In bulk bins of 2000-2200 lbs nett weight and on pallets.

**PRICE:** US$ 478,00 (fourhundredandseventyeight)
Per 220 lbs FAS CALIFORNIAN PORT. Nett shipped weight.

**SHIPMENT:** MAY 2005 (at Seller's Option) from origin.
Open destination (at Buyer's Option) - Shipping instructions to be given by the buyer 30 days prior to the shipment period.

**/MENT:** Nett cash against documents at presentation.

**GENERAL CONDITIONS:** As per Export Contract for Dried Fruits, Tree Nuts and Kindred Products, adopted by the California Dried Fruit Export Association effective July 10, 2003 - Arbitration in accordance with the Arbitration Rules of the Waren-Verein der Hamburger Börse e.V. whose arbitrators - international participation permitted - shall be competent for final settlement of all and any dispute arising herefrom.

**OTHER CONDITIONS:** OTHC for buyer's account. Documents to include original USDA/DFA/BDG Inspection Certificate, Certificate of Origin, Fumigation Certificate, Phytosanitary Certificate, Shipper's or Public Weighmaster Certificate as well as Compliance Certificate confirming that goods are in accordance with E.U.Food Law as to Aflatoxin, Methylbromide and Malathion.

BUYER                                        EUROBROKER S.A.

Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute an acceptance of the above terms and conditions.

EXHIBIT 3
PAGE 44 OF 49



**EUROBROKER**

## CONTRACT 408073

Paris, 11/08/2004

We herewith confirm to you the following transaction through our intermediary:

**SELLER:** NUTTERY FARMS, INC.
P.O.Box 29
ST. HELENA, CA 94574   USA

**BUYER:** AHCOM LIMITED
The Coda Centre
Unit 20C
189 Munster Road
LONDON SW6 6AW - UNITED KINGDOM

VAT N°: GB 691058229

**COMMODITY:** CALIFORNIAN SHELLED ALMONDS

**QUALITY:** BLANCHABLE Variety (at Seller's Option) - US Standard Sheller Run or better (at Seller's Option) - Unsized/Sized (at Seller's Option) - Crop 2004
As per USDA specifications (except max 5 % serious defects allowed) and USDA/DFA/BDG Inspection Certificate.

**QUANTITY:** 1 (One) full 40FT containerload of about 20 (twenty) metric tons. Original nett weight.

**PACKING:** In bulk bins of 2000-2200 lbs nett weight and on pallets.

**PRICE:** US$ 478.00 (fourhundredandseventyeight)
Per 220 lbs FAS CALIFORNIAN PORT. Nett shipped weight.

**SHIPMENT:** MAY 2005 (at Seller's Option) from origin.
Open destination (at Buyer's Option) - Shipping instructions to be given by the buyer 30 days prior to the shipment period.

**PAYMENT:** Nett cash against documents at presentation.

**GENERAL CONDITIONS:** As per Export Contract for Dried Fruits, Tree Nuts and Kindred Products, adopted by the California Dried Fruit Export Association effective July 10, 2003 - Arbitration in accordance with the Arbitration Rules of the Waren-Verein der Hamburger Börse e.V. whose arbitrators - international participation permitted - shall be competent for final settlement of all and any dispute arising herefrom.

**OTHER CONDITIONS:** OTHC for buyer's account. Documents to include original USDA/DFA/BDG Inspection Certificate, Certificate of Origin, Fumigation Certificate, Phytosanitary Certificate, Shipper's or Public Weighmaster Certificate as well as Compliance Certificate confirming that goods are in accordance with E.U.Food Law as to Aflatoxin, Methylbromide and Malathion.

BUYER                                        EUROBROKER S.A.

Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute an acceptance of the above terms and conditions.

**EXHIBIT 3**
PAGE _45_ OF _49_

112/114, Bd Haussmann - 75008 Paris - Tél. : +33 1 53 42 52 62 - Fax : +33 1 53 42 45 00 - E-mail : euro@eurobroker.fr
S.A. au capital de 40.000 C - RCS PARIS B 317 885 325 00058 - T.V.A. FR 02 317 885 325 - NAF 511 A - www.eurobroker.fr



## CONTRACT 408072

Paris, 11/08/2004

We herewith confirm to you the following transaction through our intermediary:

| | |
|---|---|
| **SELLER:** | NUTTERY FARMS, INC.<br>P.O.Box 29<br>ST. HELENA, CA 94574 / USA |
| **BUYER:** | AHCOM LIMITED               VAT N°: GB 691058229<br>The Coda Centre<br>Unit 20C<br>189 Munster Road<br>LONDON SW6 6AW / UNITED KINGDOM |
| **COMMODITY:** | CALIFORNIAN SHELLED ALMONDS |
| **QUALITY:** | BLANCHABLE Variety (at Seller's Option) - US Standard Sheller Run or better (at Seller's Option) - Unsized/Sized (at Seller's Option) - Crop 2004.<br>As per USDA specifications (except max 5 % serious defects allowed) and USDA/DFA/BDG Inspection Certificate. |
| **QUANTITY:** | 1 (One) full 40FT containerload of about 20 (twenty) metric tons. Original nett weight. |
| **PACKING:** | In bulk bins of 2000-2200 lbs nett weight and on pallets. |
| **PRICE:** | US$ 478,00 (fourhundredandseventyeight)<br>Per 220 lbs FAS CALIFORNIAN PORT. Nett shipped weight. |
| **SHIPMENT:** | APRIL 2005 (at Seller's Option) from origin.<br>Open destination (at Buyer's Option) - Shipping instructions to be given by the buyer 30 days prior to the shipment period. |
| **/MENT:** | Nett cash against documents at presentation. |
| **GENERAL CONDITIONS:** | As per Export Contract for Dried Fruits, Tree Nuts and Kindred Products, adopted by the California Dried Fruit Export Association effective July 10, 2003 - Arbitration in accordance with the Arbitration Rules of the Waren-Verein der Hamburger Börse e.V, whose arbitrators - international participation permitted - shall be competent for final settlement of all and any dispute arising herefrom. |
| **OTHER CONDITIONS:** | OTHC for buyer's account. Documents to include original USDA/DFA/BDG Inspection Certificate, Certificate of Origin, Fumigation Certificate, Phytosanitary Certificate, Shipper's or Public Weighmaster Certificate as well as Compliance Certificate confirming that goods are in accordance with E.U.Food Law as to Aflatoxin, Methylbromide and Malathion. |

           **BUYER**                          **EUROBROKER S.A.**

Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute an acceptance of the above terms and conditions.

EXHIBIT 3

PAGE _46_ OF _49_



# CONTRACT 408072

Paris, 11/08/2004

We herewith confirm to you the following transaction through our intermediary:

**SELLER:**   NUTTERY FARMS, INC.
P.O.Box 29
ST. HELENA, CA 94574 / USA

**BUYER:**   AHCOM LIMITED   VAT N°: GB 691058229
The Coda Centre
Unit 20C
189 Munster Road
LONDON SW6 6AW / UNITED KINGDOM

**COMMODITY:**   CALIFORNIAN SHELLED ALMONDS

**QUALITY:**   BLANCHABLE Variety (at Seller's Option) - US Standard Sheller Run or better (at Seller's Option) - Unsized/Sized (at Seller's Option) - Crop 2004.
As per USDA specifications (except max 5 % serious defects allowed) and USDA/DFA/BDG Inspection Certificate.

**QUANTITY:**   1 (One) full 40FT containerload of about 20 (twenty) metric tons. Original nett weight.

**PACKING:**   In bulk bins of 2000-2200 lbs nett weight and on pallets.

**PRICE:**   US$ 478,00 (fourhundredandseventyeight)
Per 220 lbs FAS CALIFORNIAN PORT. Nett shipped weight.

**SHIPMENT:**   APRIL 2005 (at Seller's Option) from origin.
Open destination (at Buyer's Option) - Shipping instructions to be given by the buyer 30 days prior to the shipment period.

**\MENT:**   Nett cash against documents at presentation.

**GENERAL CONDITIONS:**   As per Export Contract for Dried Fruits, Tree Nuts and Kindred Products, adopted by the California Dried Fruit Export Association effective July 10, 2003 - Arbitration in accordance with the Arbitration Rules of the Waren-Verein der Hamburger Börse e.V. whose arbitrators - international participation permitted - shall be competent for final settlement of all and any dispute arising herefrom.

**OTHER CONDITIONS:**   OTHC for buyer's account. Documents to include original USDA/DFA/BDG Inspection Certificate, Certificate of Origin, Fumigation Certificate, Phytosanitary Certificate, Shipper's or Public Weighmaster Certificate as well as Compliance Certificate confirming that goods are in accordance with E.U.Food Law as to Aflatoxin, Methylbromide and Malathion.

BUYER   EUROBROKER S.A.

Please sign and return us a copy of this contract. The failure to do so and retention of it shall constitute an acceptance of the above terms and conditions.

**EXHIBIT 3**
PAGE 47 OF 49

112/114, Bd Haussmann - 75008 Paris - Tél. : +33 1 53 42 52 62 - Fax : +33 1 53 42 45 00 - E-mail : euro@eurobroker.fr
S.A. au capital de 40.000 € - RCS PARIS B 317 885 325 00058 - T.V.A. FR 02 317 885 325 - NAF 511 A - www.eurobroker.fr



Farms, Inc.
ssi Road,
St     na Napa Valley
C      ia 94574
L

1     ugust 2004

**PURCHASE CONTRACT No.** 003708.000
SUPPLIERS REFERENCE:

D     irs,

nfirm having this     y b    ht from you the under mentioned goods subject to the following Terms and
C      ons:

C    .ODITY:     C    nian Shelled Almonds, Blanchable Varieties. Standard sheller run,
si    unsized, at sellers option. Maximum 5 percent serious damage. 2004 cropyear

C    .TITY:     A    t 60 (sixty) Tons. Packed in 60 x Bins in 3 x 40 ft containers.

P     E:     47    00 (four hundred and seventy eight) U.S. Dollars per 220lbs .

T     S:     Fr    longside
P     D:     Sh ment : April 2005 to June 2005
SI    MENT FROM:     Ca fornian Port/Railhead   **DESTINATION:**   FINAL PORT(S) TO BE ADVISED.
F     HT:     Fo   buyer's account
In   RANCE:     To   ce arranged by buyer
P     ENT:     Ne   cash against documents on presentation.
V     HT:     No   Shipped weights
C    ITIONS OF SALE    A    her terms and conditions as per USDA/DFA terms and conditions, including
W    en-Verein arbitration clause and the rules of arbitration and appeal, of which the
pa    s admit acknowledgement.  In the event of arbitration and subsequent legal
e     ement, all costs to be borne by the loser.

IONAL CLAUSE    1    CL PER MONTH
E     ER:     Eu   broker. Your Reference: 408072/3/4
C    ISSION:     C   0

sign and return t    en    ed copy to acknowledge your acceptance of this sales contract. Failure to
ithin seven days    hall    stitute acceptance of the terms and conditions contained herein.

T    you for this busin    s.

Y    faithfully,                              Signed for and on behalf of:-

rs                                           Nuttery Farms, Inc.
Ltd

**EXHIBIT** 3
PAGE 48 OF 49



on SW6 6AW  t: 020 7386 4800 f: 020 7386 4801 e: ahcom@ahcom.net  w: www.ahcom.net

tered No. 3335692 in England. VAT No. GB 691 0582 29

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

TX/RX NO                    2544
CONNECTION TEL                    90033153424500
SUBADDRESS
CONNECTION ID
ST. TIME                   11/08 18:13
USAGE T                    01'33
PGS.                       4
RESULT                     OK



Nuttery Farms, Inc.
800 Rossi Road,
St. Helena Napa Valley
California 94574
U.S.A.

11th August 2004

### PURCHASE CONTRACT No. 003708,000  $\gamma.\sim$
### SUPPLIERS REFERENCE:

Dear Sirs,

We confirm having this day bought from you the under mentioned goods subject to the following Terms and Conditions:

| | |
|---|---|
| COMMODITY: | Californian Shelled Almonds, Blanchable Varieties. Standard sheller run, sized/unsized,at sellers option. Maximum 5 percent serious damage. 2004 cropyear |
| QUANTITY: | About 60 (sixty) Tons. Packed in 60 x Bins in 3 x 40 ft containers. |
| PRICE: | 478.00 (four hundred and seventy eight) U.S. Dollars per 220lbs . |
| TERMS: | Free Alongside |
| PERIOD: | Shipment : April 2005 to June 2005 |
| SHIPMENT FROM: | Californian Port/Railhead   DESTINATION:   FINAL PORT(S) TO BE ADVISED. |
| FREIGHT: | For buyer's account |
| INSURANCE: | To be arranged by buyer |
| PAYMENT: | Nett cash against documents on presentation. |
| WEIGHT: | Nett Shipped weights |
| CONDITIONS OF SALE: | All other terms and conditions as per USDA/DFA terms and conditions, including Waren-Verein arbitration clause and the rules of arbitration and appeal, of which the parties admit acknowledgement. In the event of arbitration and subsequent legal enforcement, all costs to be borne by the loser. |

| | |
|---|---|
| ADDITIONAL CLAUSES: | 1 FCL PER MONTH |
| BROKER: | Eurobroker. Your Reference: 408072/3/4 |
| COMMISSION: | 0 00 |

EXHIBIT 3
PAGE 49 OF 49

Please sign and return the enclosed copy to acknowledge your acceptance of this sales contract. Failure to do so within seven days shall constitute acceptance of the terms and conditions contained herein.

Thank you for this business.