UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHCOM, LTD., | No. C-07-1139 SC |
| Plaintiff, | ORDER DENYING MOTION <u>FOR SANCTIONS</u> |
| v. | |
| HENDRIK SMEDING, LETTIE SMEDING, and DOES 1-15, inclusive, | |
| Defendants. | |

**I.  INTRODUCTION**

Plaintiff Ahcom, Ltd. ("Ahcom" or "Plaintiff") alleges that the Defendants Hendrik and Lettie Smeding ("Defendants" or "Smedings") are the alter egos of Nuttery Farms, Inc. ("NFI"), and asks the Court to confirm and enforce the award issued in a German arbitration between Plaintiff and NFI.  <u>See</u> Notice of Removal, Docket No. 1, Ex. A ("Compl.").  Defendants deny that there was an enforceable arbitration agreement between the parties, and therefore argue that the Court lacks jurisdiction to enforce the arbitration award.  Now before the Court is Defendants' Motion for Sanctions for Destruction of Evidence.  Docket No. 50.  Ahcom filed an Opposition and Defendants submitted a Reply.  Docket Nos. 53, 55.

As an initial matter, the Court notes with some dismay that neither party submitted its briefing in a timely manner, and that

1  both parties filed ex parte applications for extensions of time.
2  Docket Nos. 52, 57.  The Court previously granted Plaintiff's
3  request for an extension, see Docket No. 54, and now GRANTS
4  Defendants'.  The Court finds that the interests of judicial
5  economy will be served by addressing the merits of this issue now,
6  rather than striking all untimely submissions, only to be
7  confronted with the same issue presented as a motion in limine on
8  the eve of trial.  Further disregard for the Court's scheduling
9  orders, the Federal Rules of Civil Procedure, or the Civil Local
10 Rules governing this action will not be tolerated.
11     Having considered the parties' submissions, the Court hereby
12 DENIES the motion for sanctions for the reasons set forth below.

## II. BACKGROUND

15     The Smedings were the founders and only shareholders of NFI.
16 NFI was a broker of dried fruits and nuts that entered Chapter 7
17 bankruptcy after defaulting on a number of delivery contracts in
18 2004 and 2005.  The contracts on which NFI allegedly defaulted
19 included contracts for delivery of almonds to Ahcom.  That alleged
20 default was the basis for the arbitration that led to this suit.
21     A central issue in this action is whether or not Ahcom and
22 NFI ever agreed to arbitrate disputes arising out of their
23 business dealings, and whether the parties ever entered the
24 contracts Ahcom now claims Defendants breached.  The parties agree
25 that there is no signed contract containing an enforceable
26 arbitration agreement.  Plaintiff contends that no such signed
27 agreement was necessary, as it is the "custom and practice" of the

dried fruit and nut industry to conduct business without signed agreements, relying instead on verbal orders and confirmations from brokers. See Opp'n at 4. Defendants contend that the need for a signed contract as a prerequisite to conducting business was well-established between the parties through their "course of dealing," and that the absence of a signed contract is dispositive here. See, e.g., Reply at 6-8.

The instant motion arises out of concerns related to the evidence on which the parties must rely to prove their positions at trial. According to Defendants, it was "NFI's practice to delete from its computer and to periodically discard documents related to completed transactions." Defs.' Mem. of P. & A. in Support of Mot. ("Defs.' Mem."), Docket No. 50-2, at 6-7.[1] Ahcom's document retention policy provides that "all documents, other than contracts in dispute, are destroyed after three years." Hacking Decl. ¶ 2.[2] The only purported contracts between Ahcom and NFI which any party has retained are the unsigned contracts underlying this dispute.

In the course of discovery, Defendants repeatedly attempted to recover documents which might prove the "course of dealing" between the parties. For example, in their second set of Requests for Production of Documents, they requested the following:

---

[1] The Court notes that although Defendants make this assertion in their brief, they provide no evidentiary support for it, either in the form of a written document retention policy from NFI, or a sworn declaration from Defendants themselves. See Civ. L.R. 7-5(a).

[2] Adam Hacking, the managing director of Ahcom, submitted a declaration in opposition to Defendants' motion. Docket No. 53-2.

3

> Any and all DOCUMENTS which evidence, show, refer to or relate to transactions (purchases or sales) between Plaintiff, its agents or employees and Nuttery Farms, Inc.

Michael Decl. Ex. A.[3]

In their third set of document requests, Defendants made the following requests:

> Any and all signed contracts for the purchase or sale of nuts by you to or from Nuttery Farms, Inc. from January 1, 1996 through December 31, 2005.
>
> Any and all unsigned contracts for the purchase or sale of nuts by you to or from Nuttery Farms, Inc. ("NFI") from January 1, 1996 through December 31, 2005.

Id. Ex. C. Ahcom answered all of the above document requests by stating that it had already produced all relevant documents it still had, but providing nothing beyond the disputed contracts. See id. Exs. B, D. In his deposition, Adam Hacking, the managing director of Ahcom, testified that beyond any physical documents, there were electronic records of every transaction between Ahcom and NFI. Id. Ex. F (Hacking Dep. excerpt) at 25:13-21.

Hacking was aware of NFI's default as early as November 2004. See Michael Decl. Ex. G (Hacking Dep. excerpt) at 33:2-35:19, and attachments thereto. Hacking initiated the arbitration proceedings against NFI on November 30, 2004, following NFI's alleged default on October 2004 shipments and in anticipation of default on the remainder of NFI's commitments. Id.

At the outset of this dispute, NFI maintained that there was

---

[3] John G. Michael, counsel for Defendants, submitted a declaration in support of the motion. Docket No. 50-3.

4

no contract between the parties and, therefore, there was no valid arbitration agreement. See Michael Decl. Ex. H (NFI's arbitration brief). The Smedings now take the same position.

### III. DISCUSSION

Defendants contend that Ahcom willfully destroyed relevant evidence and request three different forms of sanctions. First, Defendants ask the Court to exclude any evidence of custom and practice in the industry. Defs.' Mem. at 7. In the alternative, Defendants assert that they are entitled to a negative inference at trial that the allegedly-destroyed documents would have proven their affirmative defense regarding the course of business between Ahcom and NFI. Id. at 8-9. Finally, Defendants seek monetary sanctions to cover the costs of their attorney's fees in bringing the instant motion. Id. at 9.

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993). This power allows the court to "order the exclusion of certain evidence" or to "permit a jury to draw an adverse inference" against a party that destroyed relevant evidence. Id. "As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." In re Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

Defendants contend that, from the outset of this dispute in

5

1 2004, Ahcom should have preserved all contracts it had with NFI as
2 relevant evidence.  Given that Ahcom's standard policy is to
3 retain documents for three years, Defendants argue that Ahcom
4 should still have in its possession contracts dating back to at
5 least 2001.  In Defendants' view, the failure to produce such
6 contracts is evidence of Ahcom's bad faith, warranting the
7 requested sanctions.

8 Contrary to Defendants' assertion, however, nothing in the
9 record suggests that Ahcom had any reason to retain completed
10 contracts that were not in dispute.  Ahcom's standard policy is to
11 destroy all documents other than "contracts in dispute" after
12 three years.  Ahcom has preserved, and produced, the disputed
13 contracts in this matter.  At the time the dispute arose in 2004,
14 Ahcom had no way of knowing that NFI or its principals would later
15 attempt to rely on the course of dealing between the parties to
16 negate the alleged arbitration agreement.  Defendants claim that
17 NFI raised the issue at the arbitration.  However, NFI's
18 arbitration brief, submitted in February 2005, does not mention
19 the course of dealing or any prior contracts.  See Michael Decl.
20 Ex. H.  While it is true that NFI denied the existence of an
21 arbitration agreement, it based that denial on the lack of a
22 signed contract containing an arbitration agreement, without any
23 reference to the prior practices of the parties.  See id.  This is
24 the same position Defendants took in their Answer in this
25 litigation.  See Docket No. 4.  In their briefing at summary
26 judgment, Defendants relied on the absence of a signed agreement,
27 but never mentioned the historical course of dealing between the

6

1  parties. See Docket Nos. 22-2, 30-1. It appears that the first
2  time Defendants raised the issue regarding the course of dealing
3  is the instant motion. See Hacking Decl. ¶ 4. As such, pursuant
4  to Ahcom's regular document retention policy, it would have
5  destroyed the completed contracts long before it had reason to
6  know they were relevant here.

7  Defendants also contend that Ahcom admitted during discovery
8  that it still had copies of the completed contracts, and that its
9  failure to produce such contracts is proof that it willfully
10 destroyed them. See Mot. at 4. Defendants base this assertion on
11 Hacking's testimony during a deposition that Ahcom may still have
12 electronic records of the completed transactions. Id. The
13 testimony in question is far from the smoking gun Defendants
14 portray it to be. The relevant testimony is reproduced below:

>      Q.   Are there other documents at Ahcom that
>           would show all of the transactions
>           between Nuttery Farms, Inc. and Ahcom?
>
>      A.   Yes. They may be archived or destroyed
>           after they -- after they passed their
>           appropriate date.
>
>      Q.   Does Ahcom have a document retention
>           policy?
>
>      A.   In line with -- in line with the
>           guidelines of the law. I think it's
>           three years.
>
>      Q.   As opposed to hard copy documents, would
>           there be computer entries that would show
>           the entire history of transactions
>           between Nuttery Farms, Inc. and Ahcom?
>
>      A.   Should be.

26 Michael Decl. Ex. F (Hacking Dep. 25:7-21). Ahcom has produced
27 what appears to be a printout of computer records showing the

7

entire transaction history between it and NFI. <u>See</u> <u>id.</u> Ex. E. Hacking testified that Ahcom had electronic records of the transactions, not that Ahcom had electronic records of all historical contracts. <u>See</u> Hacking Decl. ¶ 3. Contrary to Defendants' assertion, there is no inconsistency between Hacking's deposition testimony regarding electronic records and Ahcom's current position that the completed, non-disputed contracts were destroyed consistent with Ahcom's standard practices.

As noted above, whether or not to impose evidentiary sanctions lies in the Court's discretion. The Court sees no reason to impose sanctions here. Defendants' evidence of willful misconduct on Ahcom's part is, at best, weak. Furthermore, the Court is hesitant to penalize Ahcom for destroying records that NFI had in its own possession at one point and also destroyed. To do so would be to punish Ahcom for having the more conservative document retention policy, and would discourage retention in general, while simultaneously rewarding NFI's practice of immediate destruction of documents. Absent a stronger showing that Ahcom knowingly and willfully destroyed relevant evidence, such a sanction would not be appropriate.

While the Court will not impose the sanctions Defendants request, the Court acknowledges that the absence of the historical signed contracts may affect Defendants' ability to prove a central part of their defense. To lessen the impact of destroyed contracts, the Court will permit both parties to raise the issue of document retention or destruction at trial. The Court will not order an adverse inference, but will allow the parties to develop

a record which may support such an inference.  The jury will then have the opportunity to decide not only what the course of dealing between NFI and Ahcom was, but also whether the companies' respective document retention policies are relevant to that issue.

**IV. CONCLUSION**

For the reasons set forth above, the Court finds that the sanctions Defendants request are unwarranted, and therefore DENIES Defendants' Motion.

IT IS SO ORDERED.

Dated: January 14, 2009

_____
UNITED STATES DISTRICT JUDGE

9