UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHCOM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> HENDRICK SMEDING, LETTIE SMEDING and DOES 1-15, inclusive, <br><br> Defendants. | No. C-07-1139 SC <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiff Ahcom, Ltd., ("Ahcom") brought this suit in the Napa County Superior Court, alleging that Defendants Hendrik and Lettie Smeding ("Defendants" or "Smedings") are the alter egos of Nuttery Farms, Inc. ("NFI"), and asking the Court to confirm and enforce the award issued in an arbitration between Plaintiff and NFI. See Notice of Removal, Docket No. 1, Ex. A ("Compl."). Defendants timely removed the suit to this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified in chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201, et seq. See Notice of Removal.

Now before the Court is Defendants' motion to dismiss ("MTD"). Docket No. 87. The Plaintiff opposes the MTD, and alternatively requests that it be permitted to amend its

1 complaint. Docket No. 88. Defendants have submitted a reply.
2 Docket No. 90. Having considered the parties' submissions, the
3 Court GRANTS Defendants' MTD.

## II. BACKGROUND

The Court has already discussed the factual history of this dispute in its order denying cross-motions for summary judgement. Docket No. 38. The facts most relevant to the motion before the Court are as follows. Defendants were the sole shareholders, officers, and directors of NFI. Compl. at 2. NFI filed a voluntary petition for bankruptcy on July 5, 2006. Request for Judicial Notice ("RJN"), Ex. 1. Docket No. 35.[1]

On February 26, 2007, Plaintiff filed suit against Defendants, alleging that NFI and Plaintiff had entered contracts for the sale of almonds. Compl. at 3. NFI allegedly did not fulfill these contracts, and Plaintiff previously sought and received an Arbitration Award against NFI from a German trade association, Waren-Verein der Hamburger Börse e.V. Id. at 3-4. However, NFI is not a party to the present suit. Instead, Plaintiff alleges that Defendants and NFI had "a unity of interest

---

[1] Defendants submitted a request for judicial notice in support of their motion to dismiss. The request includes filings and a claims register from NFI's bankruptcy proceedings. The Court may take judicial notice of filings in other courts. See United States ex rel. Robinson Racheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). The request also includes a certificate of incorporation filed with the California Secretary of State. RJN, Ex. 3. District Courts routinely take judicial notice of certificates of incorporation. See, e.g., Shurkin v. Golden State Vintners, Inc., No. 04-3434, 2005 U.S. Dist. LEXIS 39301, at *19 (N.D. Cal. Aug. 10, 2005). The Court GRANTS defendants' request for judicial notice.

2

in ownership" and commingled their funds, and that Defendants diverted funds, treated assets of NFI as their own, and failed to adequately capitalize NFI. Id. at 2-3. On this basis, Plaintiff asserts that Defendants are the alter ego of NFI and seeks to enforce the arbitration award against them. Id.

Defendants now contend that the claims against them cannot go forward because Plaintiff's standing is premised upon an alter ego theory. MTD at 3. Defendants claim that this theory is based on generalized misconduct and harm done to the corporation, and as such, it can only be brought by the bankruptcy trustee. Id.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will grant a motion to dismiss if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the Court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). At this stage, a plaintiff "need only show that the facts alleged, if proved, would confer standing upon him." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

### IV. DISCUSSION

After a corporation has filed for bankruptcy, only the Chapter 7 bankruptcy trustee has standing to collect the property of the estate. 11 U.S.C. § 704(a)(1). This includes "all legal

3

1  or equitable interests of the debtor in property as of the
2  commencement of the case," and all causes of action that the
3  debtor might have.  11 U.S.C. § 541(a)(1); United States v.
4  Whiting Pools, Inc., 462 U.S. 198, 205 n.9 (1983).  Defendants
5  contend that only NFI's bankruptcy trustee can bring alter ego-
6  based claims against them.  MTD at 3-4.  The question of whether a
7  particular cause of action is the property of a debtor is a
8  question of state law.  In re Folks, 211 B.R. 378, 384 (B.A.P. 9th
9  Cir. 1997).  Because NFI is located and incorporated in
10 California, RJN, Ex. 3, this Court applies California law.

11     Defendants rely on Folks, which stated that California law
12 recognizes two kinds of alter ego claims:  one in which the injury
13 is to the corporation, and one in which the cause of action
14 belongs to a creditor individually.  Id. at 385 (citing In re
15 Davey Roofing, Inc., 167 B.R. 604, 608 (Bankr. C.D. Cal. 1994);
16 Stodd v. Goldberger, 73 Cal. App. 33 827, 833 (App. Ct. 1977)).
17 "In California, only a creditor with a particularized injury has
18 standing to assert an alter ego claim."  Id.  Absent a unique
19 injury arising from the same facts that are used to pierce the
20 veil, facts giving rise to an alter ego theory could be used by
21 any creditor to bring a claim for repayment against the debtor's
22 shareholders.  Id. at 387.  Giving the trustee exclusive standing
23 to bring this claim therefore "promotes equitable distribution and
24 accords the Bankruptcy Code's ultimate goal of balancing the
25 equities and interests of all affected parties in a bankruptcy
26 case."  Id. at 386.

27     This Court finds that the Plaintiff has set out a general

28

**United States District Court**
For the Northern District of California

alter ego claim, with no injury specific to Plaintiff. If the Plaintiff's allegations are correct, then Defendants could be liable for all of NFI's debts, rather than only the debt to Ahcom. Plaintiff has pointed to no unique injury that has arisen from Defendants' alleged malfeasance. It is of no consequence that Ahcom seeks a determination that Defendants are the alter ego of NFI only for the purpose of Ahcom's contract claim. The holding in Folks applies whenever a general alter ego theory is used as the basis for liability for a distinct cause of action, even if that separate cause of action involves unique harm. See Eddleman v. Thomas, No. 07-207, 2007 U.S. Dist. LEXIS 81185, at *3-4 (D. Nev. Oct. 12, 2007) (applying Folks to claim involving breach of lease and unjust enrichment coupled with alter ego theory); Carramerica Realty Corp. v. NVIDIA Corp., No. 05-00428, 2006 U.S. Dist. LEXIS 75399, at *8-11 (N.D. Cal. Sept. 29 2006) (applying Folks to claim of intentional interference with contractual relations). Ahcom's alter ego claim is available only to the NFI's trustee. See Folks, 311 B.R. at 387.

Plaintiff contends that Folks relies on a single California case, Stodd, 73 Cal. App. 3d 827, which it misreads to conclude that California law allows a company to pierce its own veil. Opp'n at 2. Plaintiff suggests that, under California law, the corporate veil is pierced primarily to protect the rights of third parties. Id.; See also Katzir's Floor and Home Design, Inc. v. M-MLS.Com, 394 F.3d 1143 (9th Cir. 2004); Kohn v. Kohn, 95 Cal. App. 2d 708, 720 (Ct. App. 1950). If the veil can only be pierced for third parties, then the alter ego claim that Ahcom is raising

5

could never be brought by NFI's trustee. However, this Court is bound by <u>Folks</u>, and cannot find that California law disallows an alter ego claim brought by NFI's bankruptcy estate. The Ninth Circuit's "interpretation of [California] law remains binding in the Ninth Circuit in the absence of any subsequent indication from the [California] courts that [their] interpretation was incorrect." <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 884 n.7 (9th Cir. 2000) (quotation omitted); <u>see also</u> <u>F.D.I.C. v. Abraham</u>, 137 F.3d 264, 268-69 (5th Cir. 1998) (interpretation of state law by federal appellate panel is binding on federal courts in circuit).

Plaintiff has requested leave to amend its complaint. Opp'n at 10-11. Plaintiff has proceeded through discovery, cross motions for summary judgment, and nearly to trial on a theory of general alter ego liability. The deadline for pretrial motions expired on December 5. <u>See</u> Status Conference Order at 1. Docket No. 45. Plaintiff must therefore show "good cause" to amend. See Fed. R. Civ. P. 16(b); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992). In its request, Plaintiff did not show good cause, and pointed to no fact that may support its alter ego theory and show unique harm that is distinct from harm to all of NFI's creditors. This Court therefore DENIES Plaintiff's request for leave to amend.

\\\
\\\
\\\
\\\

6

**V.    CONCLUSION**

For the reasons stated above, the complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

April 24, 2009


UNITED STATES DISTRICT JUDGE

7